Helen Elizabeth BROWN, Defendant Below,
Appellant,

v.

The STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Dec. 27, 1968.

**270**

G. Francis Autman, Jr. of Kelsey & Autman, Dover, for defendant below, appellant.

Merrill C. Trader, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

The determinative question in this appeal is whether a revocation of probation and imposition of a prison sentence, when based upon hearsay evidence alone, constitutes abuse of discretion. We think so.

### I.

In 1964, the defendant entered pleas of guilty to two charges of abortion. She was sentenced to imprisonment for a term of five years on each charge, but the execution of the sentences was suspended and she was placed upon probation for a period of ten years.

In 1967, the defendant was indicted on a charge of committing an abortion on March 20, 1967, to which charge she entered a plea of not guilty. At the jury trial, the State called four witnesses: The first was the alleged victim whose only response to each question was a refusal to testify on the ground that her answer may have tended to incriminate her—a position sustained by the Trial Court. The second and third witnesses were doctors who were unable to testify that an unlawful abortion had been performed. The fourth witness was a police officer who was completely barred from testifying by the Trial Court's application of the hearsay rules. At that stage of the trial, the Attorney General was permitted to enter a *nolle prosequi* and the defendant was discharged. This occurred on October 3, 1967.

On October 9, 1967, the Attorney General filed a Petition for Revocation of Probation and had it served upon the defendant's attorney. On October 26, 1967, the Superior Court held a hearing on a charge against the defendant of having violated her probation by having committed, or assisted in the commission of, an abortion on March 20, 1967—the same offense for which the defendant had stood trial earlier that month.

At the hearing, the following transpired: Preliminarily, in response to the defendant's attack upon the Attorney General's standing to seek a revocation of probation, the Court stated that the hearing was predicated upon its own motion, not the petition of the Attorney General, because "a violation of probation hearing is a matter between the Court and the probation officer" with due regard for "the right of the probationer to enjoy due process." Also, the Court denied the defendant's preliminary motions based upon evidentiary grounds, stating that a probation revocation proceeding was not governed by "formal evidentiary" rules that govern a "criminal proceeding." Thereupon, the defendant having denied violating probation, the Court called the Probation Officer to the witness stand. The Probation Officer testified that his only sources of information about the alleged probation violation were newspaper accounts and a copy of a 10 page police investigation report. He testified further: that he took no statement from the probationer; that his only information as to any such statement was as contained in the police report; that he had not discussed the matter with any of the investigating police officers; that the alleged abortion took place during a lunch hour and that the probationer's employment time card showed that she had "checked out for lunch and checked back in after lunch" on that

day; that the "sum total of the report as submitted by the police would lead one to believe that an act of abortion, or attempted abortion, took place at that address, and that the petitioner participated in it"; that he could not say from any personal investigation whether a violation of probation had occurred.

That was the sum and substance of the evidence adduced at the hearing. Thereupon, the following transpired:

"THE COURT: All right, the record indicates that the police report contains a statement of an alleged victim who identified the probationer as having committed an abortion upon her; that the probationer left her place of business at the time the abortion is alleged to have committed; and that the probationer made two statements which in connection with the other matters could be considered admissions.

"I ask now whether or not the probationer herself wants to offer anything in explanation, contradiction, or mitigation of the matters which are on the record?

"MR. AUTMAN: No, Your Honor, at this time we do not.

"THE COURT: All right, I have no alternative but to find that the proba-

tioner has violated her probation. I do not find, because I do not have to find, that she committed an abortion on March 20th. I find, however, that she was at least present and had something to do with what occurred. At the very least she was at the undesirable place, and that is one of the special conditions of probation, that probationers do not frequent undesirable places."

The Superior Court then imposed a sentence of imprisonment for a term of 5 years.[1] The probationer appeals.

### II.

Our Probation Statute, 11 Del.C. § 4335 (c), requires a hearing prior to revocation of probation; but except for the provisions that such hearing may be "informal or summary", and that the violation must be "established", there is no statutory prescription as to its nature and scope.[2]

It appears, however, that certain general rules governing the nature and scope of such hearings have become well established:

 Just as probation is an "act of grace", revocation of probation is an exercise of broad discretionary power; and on

---

1. The defendant has been released on bail pending this appeal, however, the Court stating:

 " * * * the way I have conducted this hearing is the way I understand it should be conducted under the law as I read it. However, in Delaware there is no law from the Supreme Court on whether or not these hearings may be conducted in this fashion, that is, whether or not what I have admitted to the record is admissible in a violation of probation hearing.

 "I have, therefore, agreed * * * to sign a certificate of reasonable doubt to the Supreme Court of the State of Delaware so that Mrs. Brown may be released on bail pending an appeal to our Supreme Court.

 "If this is not the proper way to handle a violation of probation hearing, we should know it, and she should not spend

 any time in prison if it is held not to be the proper way. That is why I have agreed to sign such a certificate."

2. 11 Del.C. § 4335(c) provides in pertinent part:

 "§ 4335. Arrest for violation of conditions; subsequent disposition

 * * * * *

 "(c) * * * the court shall cause the probationer to be brought before it without unnecessary delay, for a hearing on the violation charge. The hearing may be informal or summary. If the violation is established, the court may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

appellate review, the question may be limited to whether there has been an abuse of such discretion. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932); Brill v. State, 159 Fla. 682, 32 So. 2d 607 (1947); Scott v. State, 238 Md. 265, 208 A.2d 575 (1965). Proof sufficient to support a criminal prosecution is not required to support a judge's discretionary order revoking probation; and rules of evidence applicable in criminal trials need not be followed. As stated in Manning v. United States (5 Cir., 1947) 161 F.2d 827: "A judge in such proceeding need not have evidence that would establish beyond a reasonable doubt guilt of criminal offenses. All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." A probationer accused of violation is not entitled to a trial in any strict or formal sense; his entitlement in this regard is limited to "an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper." Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935).

 Under these basic rules, material may be received and considered in a proceeding for the revocation of probation which would not be admissible in a criminal trial under the rules of evidence. This would include, of course, hearsay such as is involved here. But that is not to say that, to warrant a revocation, there need be no competent evidence at all of the probation violation. To the contrary, we hold that a probation revocation may not stand unless there be some competent evidence to prove the violation asserted. To hold otherwise would be to permit a termination of freedom, conditional though it may be during probation, to rest upon pure hearsay—a basis too untrustworthy for so serious a consequence.

We find the following support for our view: In United States v. Register (4 Cir., 1966) 360 F.2d 689, it was held that the acceptance of hearsay evidence was not error or infringement of the probationer's rights, there being "ample evidence without it to sustain the revocation", the Court stating:

"However, as the trial judge is quite aware, there can be injury if hearsay plays too great a role in the inquiry, and he will constantly be alert to the frequent untrustworthiness of such proof. Of course, the infractions admitted by the probationer may always be outlined for the Court in hearsay statements."

And in State v. Elder, 77 S.D. 540, 95 N. W.2d 592 (1959), it was held that an order of revocation "must be based on a factual showing sufficient to justify the exercise of the court's discretion"; but other "ample competent proof" was found sufficient there to warrant revocation, supplementing the probation officer's hearsay testimony. Similarly, in Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947), it was held that receipt of illegally secured evidence did not invalidate a revocation proceeding because "if considered at all, it did nothing more than supplement the information already in hand"—other competent evidence having been adduced which "pointed very strongly to the violation." And in Williams v. Harris, 106 Utah 387, 149 P.2d 640 (1944), it was held that "to authorize termination of probation there must be some competent evidence of violation of the terms of probation." See also People v. Warren, 314 Ill.App. 198, 40 N.E.2d 845 (1942); People v. Myers, 306 Mich. 100, 10 N.W.2d 323 (1943); Legal Aspects of Probation Revocation, 59 Columbia L.Rev. 311, 332–333 (1959). But contra, see Scott v. State, 238 Md. 265, 208 A.2d 575 (1965).

Applying the latter rule to the case before use, we must conclude that, there being no competent evidence upon which to base the exercise of sound judicial discretion, the revocation of the probation and the imposition of the prison sentence constituted an abuse of discretion.

The probationer has raised the constitutional issue of due process of law, contending that she was entitled thereunder to the presumption of innocence, and the right to confront and cross examine all who testify against her. The courts are divided on the questions of whether and to what extent the due process clause is applicable in a probation revocation hearing. See Legal Aspects of Probation Revocation, 59 Columbia L.Rev. 311, 325–326 (1959); Annotation: 29 A.L.R.2d 1074; compare Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). For the purposes of the instant case, however, it is sufficient to state that, in the light of the conclusions we have reached regarding the general nature and scope of probation revocation hearings, the probationer is not entitled to the presumption of innocence or confrontation as a matter of due process.

For the reasons stated, the judgment below is reversed; and the cause remanded with instructions to set aside the order revoking the probation and to vacate the sentence imposed; without prejudice, however, on the part of the Court below to conduct another hearing, in accordance herewith, as to violation of the probation.