**Derrick FULLER, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 379, 2003.

Supreme Court of Delaware.

Submitted: Dec. 23, 2003.

Decided: Feb. 5, 2004.

Bernard J. O'Donnell, Esquire, Office of the Public Defender, Wilmington, Delaware, for Appellant.

Timothy J. Donovan, Jr., Esquire, Department of Justice, Wilmington, Delaware, for Appellee.

Before VEASEY, Chief Justice, HOLLAND and STEELE, Justices.

PER CURIAM.

In this appeal we consider the admissibility in a violation of probation hearing of evidence seized when police and probation officers stopped and searched the vehicle of a probationer after probation officers received a tip from a past proven reliable informant that the probationer was selling drugs. The defendant contends that the search was unreasonable under the Fourth Amendment because the searching officers failed to follow correctional department procedures governing searches of probationers and parolees. Because the officers followed the guidelines that render the search reasonable for constitutional purposes, we hold that the search was constitutional.

## Facts

On the evening of May 1, 2003, probation officers received information from a past proven reliable informant that a probationer, identified as "Boozer," possessed a handgun and was selling crack cocaine in Wilmington's Hilltop area. The informant described the probationer as being a black male in his twenties; five feet, nine inches tall with a heavy build and dark complexion; and driving an older model red Volvo with tinted windows. Probation Officer Hank DuPont contacted his supervisor and received permission to search the vehicle if he located it.

On the following day, May 2, DuPont and two Wilmington police officers observed an older model red Volvo driving in the Hilltop area. Although officers had been unable to connect the name "Boozer" with any known probationer, the officers verified that the Volvo was registered to a probationer, Derrick Fuller. The officers then signaled for the vehicle to stop. It did not stop immediately but was finally stopped by two other police cars. The defendant, Derrick Fuller, was the driver of the Volvo. Probation Officer DuPont conducted an administrative search of the car and found two bags of crack cocaine in the car.

Fuller was charged with violation of his probation.[1] He sought to suppress the cocaine evidence as the fruit of an illegal search. The court denied the suppression motion and found Fuller to be in violation of his probation. The court reimposed four years' imprisonment. Fuller appeals.

## Issue on Appeal

■ Fuller argues that the search was unreasonable under the Fourth Amendment because the searching officers failed to follow correctional department procedures governing searches of probationers and parolees. Probation Officer DuPont contacted his supervisor to obtain approval to stop the vehicle if it was located and then again to confirm permission to search the vehicle once it was stopped. Nevertheless, Fuller contends that the officers failed to follow search regulations because they did not use the search checklist required by the regulations or engage in a face-to-face case conference before permission to search was granted. This Court reviews for abuse of discretion the Superior Court's revocation of a probationer's probation.[2]

## The Admissibility of the Evidence Seized During the Search

■ The Superior Court did not abuse its discretion when it considered the drug evidence during Fuller's violation of probation hearing because the search that produced the evidence was reasonable under the United States and Delaware Constitutions. To the extent that the officers departed from departmental guidelines, the departure did not render the search unconstitutional because of the curtailed rights of a probationer as compared with an ordinary citizen. In addition, the totality of the circumstances reveals that the Superior Court correctly determined that by the time the officers ordered Fuller to

---

1. The State also charged Fuller with drug offenses, but those charges are not the subject of this appeal.

2. See Brown v. State, 249 A.2d 269, 271–72 (Del.1968) ("Just as probation is an 'act of grace,' revocation of probation is an exercise of broad discretionary power; and on appellate review, the question may be limited to whether there has been an abuse of such discretion. Proof sufficient to support a criminal prosecution is not required to support a judge's discretionary order revoking probation; and rules of evidence applicable in criminal trials need not be followed." (citations omitted)).

stop his car they had probable cause to believe that the vehicle was carrying contraband.

In *Griffin v. Wisconsin*,[3] the United States Supreme Court held that a warrantless search of a probationer's home was "reasonable" within the meaning of the Fourth Amendment. The Court indicated that the special nature of probationary supervision justified a departure from the usual warrant and probable-cause requirements for searches.[4] The Court held that the state's regulatory requirement that there be "reasonable grounds" for a search was sufficient to render the search reasonable under the Fourth Amendment if the search complied with the regulation. The majority deemed it irrelevant that the search may not have comported with other state regulations governing searches of probationers—that the search satisfied the state's "reasonable grounds" regulation was constitutionally sufficient.[5]

■ Under *Griffin*, the special nature of the probationary relationship and the conditions imposed on Fuller under that relationship justified the search at issue,[6] despite the fact that the officers may not have complied with every provision of the Department of Corrections' procedures governing searches of probationers. Officer DuPont twice received supervisor approval to conduct the search—first, after discussing the information contained in the tip before the subject vehicle was located and second, after a vehicle matching the description had been found and officers had confirmed that it was registered to a probationer. In obtaining that approval, the officers and the supervisor considered the information that the Department had and whether it provided sufficient grounds to search. The purpose of the regulations is to ensure that the Department has sufficient grounds before undertaking a search. The individual procedures advance that goal but are not independently necessary, as demonstrated by the fact that the regulations explicitly state exceptions for when the search checklist need not be used.

Even if the officers did not follow each technical requirement of the search regulations before searching Fuller, they did satisfy those that affect the reasonableness inquiry under the United States and Delaware Constitutions. In *Griffin*, it was sufficient that the search comported with the state regulation requiring that probationers be searched only on "reasonable grounds." Similarly in the present case, Officer DuPont obtained a supervisor's approval after considering the substantive factors on which the regulations require that search decisions be made.

Officer DuPont had received information from a past proven reliable informant that a probationer of a certain description was selling drugs in a particular area and driving a vehicle of a certain description. The tip contained enough information to provide Officer DuPont with sufficient reason

3. 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987).

4. *Id.* at 873–74, 107 S.Ct. 3164.

5. *Id.* at 880 n. 8, 107 S.Ct. 3164.

6. *See McAllister v. State*, 807 A.2d 1119, 1125 (Del.2002) (explaining that a subject's "status as a probationer and his limited privacy rights resulting therefrom" alter the reasonableness analysis for a search under the Fourth Amendment of the U.S. Constitution and Article 1, Section 6 of the Delaware Constitution); *Word v. State*, No. 413,2000, 2001 WL 762854, at *3 n. 8, 2001 Del. LEXIS 268, at *8 n. 8 (Del. June 19, 2001) (ORDER) ("We also note the United States Supreme Court's ruling that probation supervision, including administrative searches of a probationer's property, permits a degree of impingement upon privacy that would not be constitutional if applied to the public at large.").

to believe the seller was in violation of probation. When he located a vehicle and its driver matching the description in the general area described in the tip, and then confirmed that the car was registered to a probationer, the informant's tip was corroborated. Finally, Officer DuPont twice obtained supervisor approval for the search, both before a subject was located and after the information was corroborated. Thus, the search comported with the substantive requirements of the regulation, which is sufficient to render a search of a probationer constitutionally reasonable.

We also conclude that the officers had constitutional grounds on which to conduct the search independent of the reduced level of cause that is required in order for a search of a probationer to be reasonable. A review of the totality of the circumstances [7] reveals that the officers possessed sufficient information to provide them with probable cause to search Fuller's vehicle. The officers acted only after receiving a tip from a past proven reliable informant, after corroborating certain aspects of the tip, and after Fuller failed to stop when the officers initially signaled for him to stop.

Because we hold that the search at issue was supported by probable cause and otherwise constituted a constitutionally reasonable search, we do not reach the State's argument that the exclusionary rule does not apply to probation revocation hearings.

### Conclusion

Accordingly, the judgment of the Superior Court is **AFFIRMED**.

---

7. *See Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (adopting a "totality of the circumstances" approach to deciding whether an informant's tip was sufficient to provide probable cause).