IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL N. LOPEZ, | § | |
| | § | No. 606, 2013 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Sussex County |
| STATE OF DELAWARE, | § | |
| | § | Nos. 0808030106 & 0704020877A |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  May 20, 2014
Decided:  June 25, 2014

Before **STRINE,** Chief Justice, **BERGER**, and **RIDGELY**, Justices.

### *O R D E R*

On this 25th day of June 2014, it appears to the Court that:

(1)  Defendant-Below/Appellant Michael N. Lopez appeals from a Violation of Probation conviction in the Superior Court.  Lopez essentially raises five claims on appeal.[1]  First, Lopez contends that the Superior Court violated his due process rights when it revoked his probation based on uncharged crimes to which he did not admit.  Second, Lopez claims that his conviction violated Delaware law because his written notice of violation did not include the uncharged crimes. Third, Lopez argues that the trial judge was biased, undermining Lopez's right to a

---

[1] Lopez's Opening Brief includes six claims.  But the first and third claims relate to the due process rights of a probationer in a revocation of probation hearing under the United States and Delaware Constitutions.  Because these two claims are substantively equivalent, they will be considered as one.

hearing before a neutral and impartial arbiter. Fourth, Lopez contends that the trial judge abused his discretion when he relied on impermissible factors, thus exhibiting a closed mind. And finally, Lopez claims that there was insufficient evidence to support a finding that he violated his probation by a preponderance of the evidence. We find that all of Lopez's arguments lack merit. Accordingly, we affirm.

(2) In 2008, Lopez was convicted of aggravated menacing, endangering the welfare of a child, trafficking cocaine, and possession of marijuana with the intent to distribute. He completed the Level V and IV portions of his sentence, was released on probation, and obtained approval to transfer his probation to Pennsylvania.

(3) In March 2012, Probation and Parole requested an administrative warrant for Lopez based on traffic charges, an arrest for Driving Under the Influence (DUI), a urine analysis that tested positive for drugs, and absconding from probation, with a hearing to be held upon his apprehension. In April 2013, Lopez was arrested in New Castle County, where he was found with more than fifty grams of heroin in a backpack (the "April Arrest"). The State later entered a *nolle prosequi* on the charges stemming from the April Arrest, citing prosecutorial merit. Lopez was convicted of the DUI charge on May 2, 2013.

(4) The trial court scheduled Lopez's Violation of Probation Hearing ("VOP Hearing") for September 19, 2013. The charged violations were the arrest for DUI, the positive urinalysis, and absconding from probation. After the trial court placed the VOP Hearing on its schedule, Probation and Parole filed a supplemental report noting that Lopez had been convicted of the DUI charge. The supplemental report also informed the trial court of the April Arrest and its subsequent disposition. This report did not charge Lopez with a probation violation for the April Arrest. At the hearing on September 19, 2013, Lopez admitted to the violation of probation for the DUI, for the drug test, and for absconding. Lopez did not admit to the events of the April Arrest. The trial court revoked Lopez's probation and deferred sentencing. The sentencing was delayed twice so that the State could provide testimony relating to Lopez's April Arrest. To facilitate this testimony, court personnel emailed the Attorney General's Office to arrange the schedule of the arresting officer with the court's calendar.

(5) On October 18, 2013, the trial court held a hearing where the arresting officer testified about the April Arrest. At the conclusion of the hearing, the trial court sentenced Lopez on his original charges as follows: possession of marijuana – five years at Level V (to be served pursuant to 11 *Del. C.* § 4204(k)); trafficking in cocaine – six years at Level V with credit for 178 days; aggravated menacing – five years at Level V, suspended after successful completion of a drug treatment

program for continued treatment and supervision at decreasing levels of supervision. The trial court discharged Lopez as unimproved from his probation for the charge of endangering the welfare of a child. This appeal followed.

(6) This Court reviews the Superior Court's revocation of probation for an abuse of discretion and constitutional violations *de novo*.[2] But because Lopez failed to object to any of the alleged errors in the proceeding below, our review is for plain error.[3] Under the plain error standard, "the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[4] "Further, we find plain error only for 'material defects which are apparent on the face of the record[,] which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which show manifest injustice.'"[5] Our review of a trial judge's revocation of probation and corresponding sentence, however, is for an abuse of discretion.[6]

(7) A defendant accused of violating probation "is not entitled to a formal trial."[7] But a probationer is entitled to the "minimum requirements of due process"

---

[2] *Cruz v. State*, 990 A.2d 409, 412 (Del. 2010) (citing *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006)).
[3] *See id.* (citing Supr. Ct. R. 8).
[4] *Baker v. State*, 906 A.2d 139, 150 (Del. 2006) (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986)).
[5] *Whittle v. State*, 77 A.3d 239, 243 (Del. 2013) (alteration in original) (quoting *Wainwright*, 504 A.2d at 1100).
[6] *Walt v. State*, 727 A.2d 836, 840 (Del. 1999) (citing *Mayes v. State*, 604 A.2d 839, 842–43 (Del. 1992)); *Brown v. State*, 249 A.2d 269, 271–72 (Del. 1968).
[7] *Philhower v. State*, 882 A.2d 762, 2005 WL 2475716, at *1 (Del. 2005) (citing 11 *Del. C.* § 4334(c)).

4

in a proceeding to determine whether a probation violation has occurred.[8] Delaware Superior Court Criminal Rule 32.1 provides that a defendant is entitled to a prompt hearing and shall be given (1) "[w]ritten notice of the alleged violation," (2) "[d]isclosure of the evidence against the person," (3) "[a]n opportunity to appear and to present evidence in the person's own behalf," (4) "[t]he opportunity to question adverse witnesses," and (5) "[n]otice of the person's right to retain counsel and, in cases in which fundamental fairness requires, to the assignment of counsel if the person is unable to obtain counsel."[9]

(8)  Lopez first contends that the trial court committed plain error when it considered the uncharged April Arrest, even though this crime was not included in the State's written notice of alleged violations, and assumed that he admitted to the facts of the April Arrest.  Lopez claims that this was a violation of his due process rights.  Lopez does not claim, however, that the State withheld written notice of the three violations with which he was charged or other evidence against him.  Rather, Lopez contends that the trial court should not have considered uncharged crimes evidence during his VOP Hearing.

(9)  Lopez was on put on notice at his initial hearing that the trial court intended to inquire into the April Arrest, and a separate hearing was scheduled for that specific purpose where both the arresting officer and Lopez would be heard.

---

[8] *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).

[9] Super. Ct. Crim. R. 32.1(a).

Lopez's due process rights were respected by this procedure because the trial court gave him specific notice that the April Arrest would be the subject of the next hearing and gave Lopez an opportunity to address the April Arrest at that hearing. Although it would have been ideal if the State had formally amended the charges to include the April Arrest, the Superior Court's on-the-record notice to Lopez that the April Arrest would be an alleged violation to be considered at the later hearing satisfied Lopez's legitimate expectations under Superior Court Rule 32.1. In fact, at the initial hearing, the Superior Court specifically gave its copy of the supplemental report discussing the April Arrest to defense counsel and continued the hearing so that defense counsel had time to review the report and prepare a defense.[10] Furthermore, to the extent that Lopez claims that his due process rights were violated because the circumstances of the April Arrest were not presented at the later hearing in the same manner they would have been at a trial, that claim fails because this Court has repeatedly held that the formal rules of evidence are inapplicable to a VOP hearing.[11] Accordingly, the trial court's consideration of the uncharged April Arrest is not a due process violation.

(10) For similar reasons, the trial court's consideration of the April Arrest also did not violate 11 *Del. C.* § 4334(c). Section 4334(c) provides that the State

---

[10] Appellant's Op. Br. Appendix at A36–37.

[11] *E.g.*, *McDougal v. State*, 31 A.3d 76, 2011 WL 4921345, at *2 (Del. 2011); *Jenkins v. State*, 862 A.2d 386, 2004 WL 2743556, at *2 (Del. 2004); *Brewington v. State*, 797 A.2d 1206, 2002 WL 1038830, at *2 (Del. 2002).

"shall immediately notify the court and shall submit in writing a report showing in what manner the probationer has violated the conditions of probation or suspension of sentence" upon arrest and detention.[12] Lopez argues that the State's failure to include the April Arrest in the written notification of his charges violated Section 4334(c). But the State did not charge him with a violation related to the April Arrest. Moreover, Lopez was on notice that the trial court intended to hear testimony about the April Arrest.

(11) Lopez next claims that the trial judge was biased, which undermined his right to a hearing before a neutral and impartial arbiter. A probationer is entitled to have "a 'neutral and detached' hearing body."[13] This Court has explained that judicial disqualification is obligatory where "the impartiality of the judge might reasonably be questioned, including instances in which the judge 'has a personal bias or prejudice concerning a party.'"[14]

(12) Lopez claims that the trial judge was biased, or at least had the appearance of bias, because he expressed a desire to consider the April Arrest and requested that the State provide testimony from the arresting officer about the matter. Lopez also points to the fact that the trial judge conducted direct examination of the arresting officer and did not solicit input or recommendations

---

[12] 11 *Del. C.* § 4334(c).

[13] *Gagnon*, 411 U.S. at 786 (quoting *Morrissey*, 408 U.S. at 489).

[14] *Weber v. State*, 547 A.2d 948, 952 (Del. 1988) (quoting Del. Judges' Code of Judicial Conduct Canon 3C(1) (1987) (current version at R. 2.11(A)(1) (2008))).

from the prosecutor or probation officer. This complained-of activity fails to demonstrate that the trial judge was not neutral or detached. Nor does it otherwise suggest that the trial judge's impartiality can reasonably be questioned. Rather, the record shows a trial judge who was concerned with understanding the facts and wanted additional information before deciding on an appropriate sentence. Thus, the trial judge was under no obligation to recuse himself *sua sponte*, and a refusal to do so did not amount to plain error.

(13) Lopez also notes that court personnel communicated with the Attorney General's Office by email and did not copy defense counsel. Lopez contends that this communication creates the appearance of judicial impropriety. Judicial staff members often have to communicate with parties to arrange schedules, as they did here. Although staff should endeavor to copy all parties when performing even routine scheduling functions, that does not always happen. But the mere fact that it does not on a particular occasion does not mean that a party who was not copied on such a communication has suffered any deprivation of a right or prejudice. Without more than an indication that a staff member made an oversight of no negative consequence to Lopez, Lopez's judicial bias claim is without merit.

(14) In his fourth claim, Lopez contends that the trial judge abused his discretion when he relied on impermissible factors and did not consider the State's recommendations, thus exhibiting a closed mind. "Appellate review of a sentence

8

generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature."[15]  Where a sentence is within the statutory limits, "this Court will not find error of law or abuse of discretion unless it is clear from the record below that a sentence has been imposed on the basis of demonstrably false information or information lacking a minimal indicium of reliability,"[16] or "it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind."[17]  "The Superior Court is not obligated to follow a sentencing recommendation made by a probation officer."[18]

(15)  Lopez concedes that his sentence was within the statutory guidelines.[19] Thus, our review is only to determine whether there was a consideration of impermissible evidence or factors evincing a closed mind on the part of the trial judge.  Many of the factors that Lopez contends demonstrate the trial judge's closed mind are the same factors that he alleges form the basis for his other claims—considering the April Arrest, failing to solicit recommendations from the prosecutor or the probation officer, arranging for the arresting officer to testify, and assuming that Lopez admitted to the crimes for the April Arrest.  But Lopez also

---

[15] *Walt*, 727 A.2d at 840 (quoting *Mayes*, 604 A.2d at 842).

[16] *Id.* (quoting *Mayes*, 604 A.2d at 843).

[17] *Fink v. State*, 817 A.2d 781, 790 (Del. 2003) (citing *Cheeks v. State*, 768 A.2d 467, 2000 WL 1508578, at *2 (Del. 2000)).

[18] *Odom v. State*, 53 A.3d 302, 2012 WL 3656367, at *1 (Del. 2012).

[19] *See* Appellant's Op. Br. at 26 (complaining that the trial judge imposed "the maximum permissible jail sentence" on Lopez).

points to the trial judge's statement that even though the April Arrest was "*[n]olle prossed*," Lopez is not entitled to "walk."[20]

(16)  Lopez also was provided with advance notice of the evidence about the April Arrest, and he had an opportunity to contest it at the hearing.  The trial judge's conduct during the hearing and his consideration of the April Arrest do not reflect a closed mind or amount to an abuse of discretion.  Nor was the trial judge's failure to consider or solicit the recommendations of the prosecutor or the probation officer an abuse of discretion because there is no requirement that the trial judge do so.  Thus, Lopez's fourth claim lacks merit.

(17)  Finally, Lopez claims that the State's evidence was insufficient to support a revocation of his probation by a preponderance of the evidence.  This Court has explained that "probation is an 'act of grace,'" and "revocation of probation is an exercise of broad discretionary power."[21]  "All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[22]  "[A] probation revocation may not stand unless there be some competent evidence to prove the violation asserted."[23]

---

[20] Appellant's Op. Br. Appendix at A30.
[21] *Brown*, 249 A.2d at 271.
[22] *Id.* at 272.
[23] *Id.*

(18) In this case, there is sufficient competent evidence to show that a probation violation occurred. Lopez admitted that he violated his probation based on the evidence of a DUI conviction, positive urine tests, and absconding from probation. He only contends that the evidence of the April Arrest is insufficient to support a finding that he violated his probation. Even if every reference to the April Arrest is set aside, the violations to which Lopez admitted are more than sufficient evidence to support the trial court's finding that Lopez violated his probation. The record likewise does not support Lopez's argument that he was convicted solely on the uncharged April Arrest at the VOP Hearing. Because we need only find "some competent evidence," Lopez's argument lacks merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

11