IN THE SUPREME COURT OF THE STATE OF DELAWARE

EDWIN SCARBOROUGH, §
§
    Defendant Below, § No. 37, 2018
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID Nos. 1208002007 (K) &
§ 1204019450 (K)
    Plaintiff Below, §
    Appellee. §

Submitted: April 26, 2018
Decided: June 8, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## O R D E R

This 8th day of June 2018, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Edwin Scarborough, filed this appeal from the Superior Court's December 21, 2017 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Scarborough's opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that, on January 6, 2014, Scarborough pled guilty to Drug Dealing (Tier 2) in Criminal ID No. 120419450. The Superior Court sentenced Scarborough, effective September 20, 2012, to fifteen years of Level V

incarceration, with credit for eleven days previously served, suspended after three years for decreasing levels of supervision. Sentencing conditions included no alcohol or drugs unless medically prescribed. This Court affirmed the Superior Court's judgment on direct appeal.[1]

(3) On February 17, 2014, Scarborough pled guilty to Drug Dealing in Criminal ID No. 1208002007. The Superior Court sentenced Scarborough to eight years of Level V incarceration, suspended after three years for decreasing levels of supervision. In September 2016, the Superior Court modified this sentence to eight years of Level V incarceration, suspended immediately for time served, followed by one year of Level III probation with weekly Narcotics Anonymous meetings.

(4) In July 2017, a VOP report was filed with the Superior Court. The report alleged that Scarborough had missed multiple appointments with his probation officer and tested positive for cocaine. After a VOP hearing on August 11, 2017, the Superior Court found Scarborough had violated his probation. The Superior Court sentenced Scarborough as follows: (i) for Drug Dealing (Tier 2), twelve years of Level V incarceration, suspended after thirty days for eighteen months of Level III probation; and (ii) for Drug Dealing, seven years of Level V incarceration, suspended for eighteen months of Level III probation. The VOP

---

[1] *Scarborough v. State*, 2015 WL 4606519 (Del. July 30, 2015).

sentence included zero tolerance conditions for alcohol, drugs, and missed appointments.

(5) On October 26, 2017, an administrative warrant was filed for Scarborough's VOP. The warrant alleged that Scarborough had violated his probation by committing new crimes, testing positive for cocaine twice, and failing to report to the Treatment Access Center ("TASC") as directed. According to the VOP report, Scarborough was arrested for drug related offenses on October 25, 2017, tested positive for cocaine on September 27, 2017 and October 4, 2017, admitted to using cocaine, was advised by TASC to engage in an intensive outpatient program at Fellowship, was discharged by Fellowship for failing to attend meetings, and failed to report to TASC the week of October 9, 2017.

(6) On December 15, 2017, after the request for a continuance of the VOP proceeding pending resolution of the new charges was denied, Scarborough's counsel informed the Superior Court that Scarborough admitted the violations for positive drug screens, missed appointments with TASC and Fellowship, and the discharge from Fellowship. The Superior Court deferred sentencing, stating "[w]e'll hear sentencing comments on this again to be refreshed… because there's been acknowledgement of a violation with regard to positive screens, not attending treatment."[2] On December 21, 2017, Scarborough admitted he tested positive for

---

[2] Motion to Affirm, Exhibit L at 9.

drugs, but stated that he went to Fellowship. He opposed the recommendation of Key/Crest made by his probation officer and TASC. The Superior Court found that Scarborough had violated his probation and sentenced him as follows: (i) for Drug Dealing (Tier 2), effective November 9, 2017, eleven years and eleven months of Level V incarceration, suspended after successful completion of the Key program, followed by one year of Level IV Crest, suspended after successful completion for one year of Level III Crest Aftercare; and (ii) for Drug Dealing, seven years of Level V incarceration, suspended for one year of Level III Crest. This appeal followed.

(7)    In his opening brief on appeal, Scarborough argues that: (i) there was no competent evidence to support his VOP and VOP sentence; (ii) the reason for his VOP (discharge from Fellowship) did not appear in the warrant; and (iii) the probation officer's sentence recommendation was biased. Scarborough did not raise these claims below so we review for plain error.[3] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[4] There is no plain error here.

(8)    In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of

---

[3] Supr. Ct. R. 8.
[4] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. Feb. 21, 1986).

4

probation.[5]  A preponderance of the evidence means "some competent evidence" to prove the violation asserted.[6]  At the December 15, 2017 hearing, Scarborough's counsel informed the Superior Court that Scarborough admitted the violations for positive drug screens, missed appointments with TASC and Fellowship, and the discharge from Fellowship.  At the December 21, 2017 hearing, Scarborough stated that he went to Fellowship, but did not otherwise dispute the violations.  Scarborough's admissions constituted sufficient competent evidence to revoke Scarborough's probation.[7]

(9)    As to Scarborough's contention that the warrant did not refer to his discharge from Fellowship, the warrant did refer to his positive drug tests and failure to report to TASC.  The violation of probation report, which did refer to Scarborough's discharge from Fellowship for failure to attend meetings, was filed approximately six weeks before the December 15, 2017 hearing.  Scarborough had sufficient notice of the grounds, including his discharge from Fellowship, for his alleged violations of probation.

(10)   Finally, Scarborough claims that the probation officer's sentencing recommendation was biased because it did not change after the Superior Court indicated that it would not consider the new criminal charges.  This Court's appellate

---

[5] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[6] *Brown v. State*, 249 A.2d 269, 272 (Del. 1968).
[7] *Collins v. State*, 897 A.2d 159, 161 (Del. 2006).

review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[8] Once Scarborough committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Scarborough's sentences.[9] The Level V sentence imposed by the Superior Court after Scarborough's VOP did not exceed the Level V time previously suspended and was within statutory limits.

(11) The record reflects that the probation officer and TASC were concerned by Scarborough's repeated failure to comply with the no drug conditions of his sentence and probation. This concern was valid even if the new criminal charges were not considered. Scarborough has not shown plain error.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[8] *Kurzmann*, 903 A.2d at 714.
[9] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).