IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LOVANCE WHITTLE, | § | |
| | § | |
| Defendant Below, | § | No. 306, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1311004679 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 11, 2021
Decided: August 12, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## <u>**ORDER**</u>

Upon consideration of the briefs and the record on appeal, it appears to the Court that:

(1) The defendant below-appellant, Lovance Whittle, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2) The record reflects that, in December 2013, a grand jury indicted Whittle for three counts of second-degree rape and one count of sex offender unlawful sexual conduct with a child. On September 5, 2014, Whittle pleaded guilty to the lesser-included offenses of third-degree rape and second-degree unlawful

sexual contact in exchange for dismissal of the other charges. The Superior Court sentenced Whittle as follows: (i) for third-degree rape, effective November 22, 2013, twenty-five years of Level V incarceration, suspended after seven years for decreasing levels of supervision; and (ii) for second-degree unlawful sexual contact, one year of Level V incarceration, suspended for one year of Level III probation. Whittle subsequently filed four motions for sentence reduction. The Superior Court denied all of those motions.

(3) On March 12, 2020, an administrative warrant was filed for Whittle's VOP. The VOP report alleged that Whittle had admitted, during a polygraph exam and later to his probation officer, to violating the sex offender special conditions of his probation by using a phone and laptop to access the internet and to contact prostitutes. The report also alleged that Whittle had admitted to engaging in sexual activity with unconscious women. The report recommended that Whittle be sentenced to nineteen years and five months of Level V incarceration suspended after his successful completion of a program within the Department of Correction's ("DOC") discretion.

(4) At the VOP hearing, Whittle's counsel admitted that Whittle had violated his probation by using electronic devices to access the internet, but disputed the other allegations and requested a sentence of Level III with GPS supervision or Level IV home confinement. According to Whittle, he used a friend's smartphone

to contact a female friend because his own phone lacked internet access, but he did not use the internet to look for anyone. He also described his interactions with several unconscious women.

(5) At the conclusion of the hearing, the Superior Court sentenced Whittle as follows: (i) for third-degree rape, nineteen years and five months of Level V incarceration, suspended after successful completion of a treatment program within DOC's discretion for two years of Level III probation; and (ii) for second-degree unlawful sexual contact, one year of Level V incarceration, suspended for one year of Level III probation. The Superior Court's written sentencing order provided: (i) for third-degree rape, nineteen years of Level V incarceration, suspended after successful completion of a sex offender treatment program within DOC discretion for two years of Level III probation; and (ii) for second-degree unlawful sexual contact, one year of Level V incarceration, suspended for one year of Level III probation. This appeal followed.

(6) On appeal, Whittle does not dispute that he violated his probation by accessing the internet. He argues primarily that the Superior Court should have sentenced him to Level IV or Level III supervision because he would not have contracted COVID-19 as he did at Level V and could have engaged in sex offender treatment in person or by phone instead of by correspondence in prison. He also argues that what he said during the polygraph exam did not match exactly what he

3

was charged with, and that the polygraph exam was not introduced during the VOP. As requested by the Court, the State addressed the discrepancy in the sentences imposed and whether the time imposed exceeded the time remaining on Whittle's sentence.

(7)    After careful consideration, we find no merit to Whittle's appeal. Probation is an "act of grace," and the Superior Court has broad discretion in deciding whether to revoke a defendant's probation.[1]   Whittle's admission to accessing the internet in violation of the sex offender terms of his probation constitutes sufficient evidence to sustain the Superior Court's finding of a VOP.[2] Given Whittle's admission that he violated the terms of his probation by accessing the internet, it is unnecessary to address his contentions regarding the polygraph exam.

(8)    As to Whittle's claims concerning his sentence, "appellate review of sentences is extremely limited."[3]  When the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[4]   Once Whittle committed a VOP, the Superior Court could impose any

---

[1] *Brown v. State*, 249 A.2d 269, 272 (Del. 1968).
[2] *Davis v. State*, 2021 WL 223526, at *1 (Del. Jan. 21, 2021); *Thompson v. State*, 2016 WL 4427177, at *2 (Del. Aug. 19, 2016).
[3] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[4] *Weston v. State*, 832 A.2d 742, 746 (Del.2003).

period of incarceration up to and including the balance of Level V time remaining on his sentence.[5]

(9) The State concedes that the Level V time imposed at the VOP hearing for Whittle's third-degree rape conviction (nineteen years and five months) exceeded the amount of Level V time remaining on that conviction by nineteen days, but argues that the Level V time imposed in the VOP sentencing order for Whittle's third-degree rape conviction (nineteen years) did not exceed the time remaining on Whittle's rape conviction. As the State points out, the Superior Court may correct a clerical mistake or error arising from oversight or omission in an order at any time.[6]

(10) Finally, Whittle has not shown that the sentence was based on false factual predicates or the result of judicial vindictiveness, bias, or a closed mind. At the conclusion of the VOP hearing, the Superior Court judge concluded that home confinement or GPS monitoring would not suffice under the circumstances, and that he would follow the recommendation of Probation & Parole based on the record and the testimony at the VOP hearing. Based on Whittle's admission that he violated his probation and his statements at the VOP hearing concerning his interactions with unconscious women, we cannot find that the Superior Court abused its discretion.

---

[5] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).
[6] Super. Ct. Crim. R. 36.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.


BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice