IN THE SUPREME COURT OF THE STATE OF DELAWARE

NICHOLAS BOYCE, § 
§ No. 121, 2022
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1911011368 (K)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: July 26, 2022
Decided: September 19, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Nicholas Boyce, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Boyce's opening brief that his appeal is without merit. We agree and affirm.

(2) On December 6, 2021, Boyce pleaded guilty to third-degree burglary and theft of $1,500 or more. The Superior Court sentenced Boyce as follows: for the burglary offense, to three years of imprisonment, suspended for one year of Level

III probation; and for the theft offense, to two years of imprisonment, suspended for one year of Level III probation.

(3) Boyce had another criminal case pending around the same time. It appears that he was released from prison on January 13, 2022, following his sentencing for criminal contempt of a Protection from Abuse order. On February 8, 2022, a probation officer filed a VOP report. The report alleged that Boyce had violated the conditions of his probation by being arrested for a new criminal offense on January 18, 2022; failing to report police contact that occurred on January 17 and 18, 2022; failing to report to probation after his release to probation on January 13, 2022; and failing to report a change of address.

(4) At a VOP hearing on March 18, 2022, Boyce's counsel stated that Boyce admitted that he did not report to probation as required. In later remarks to the court, Boyce himself admitted to that charge and admitted that he did not report the police contact. The Superior Court found Boyce to be in violation of probation and imposed VOP sentences as follows: for the burglary offense, the court sentenced Boyce to two years, eleven months, and 24 days of imprisonment, suspended for nine months at Level V DOC Discretion, followed by six months at Level IV, followed by one year of Level III probation with GPS monitoring; for the theft offense, the court sentenced Boyce to two years of imprisonment, suspended for one year of Level III probation.

2

(5)     On appeal from his VOP sentence, Boyce argues that he was banned from probation and therefore could not comply with the reporting requirement. He also contends that the Superior Court should have "looked into" the matter. We find no merit to this argument. Boyce appeared at the VOP hearing represented by counsel. He admitted that he had violated probation, and the Superior Court found him in violation based on his admissions. Boyce's admissions to violating probation constitute sufficient evidence to sustain the Superior Court's finding of a VOP.[1] Moreover, Boyce has not explained on appeal how or why he was purportedly "banned" from probation or why, if that were the case, that would mean that he would be released from any supervision rather than required to serve his suspended sentence.

(6)     Boyce also contends that his VOP should be reversed because the Superior Court judge said that she was going to "take [Boyce's] case personal." The transcript reflects that after imposing the VOP sentence, the Superior Court judge stated: "And just so you're aware, Mr. Boyce, I'm paying attention, and so when you make your way back to the community, I have decided that I'm going to make it my personal business to ensure that you comply with this Court's order while you're in the community." Although phrased in a somewhat inartful way, when read

---

[1] *E.g.*, *Cook v. State*, 2019 WL 949372, at *1 (Del. Feb. 25, 2019); *Lougheed v. State*, 2016 WL 5899238, at *2 (Del. Oct. 10, 2016).

in the overall context of the transcript, it is clear that the court's remark was intended to reflect the court's concerns about Boyce's compliance with court orders and the terms of his probation and to warn Boyce that he should strictly adhere to the court's orders when on probation or risk losing the opportunity to be in the community on probation instead of serving his suspended sentence.[2]

(7)     Finally, Boyce appears to challenge the Superior Court's imposition of a sentence that exceeded the sentence recommended by probation.  This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[3]  Once Boyce committed a VOP, the Superior Court was authorized to impose any period of incarceration up to and including the balance of Level V time remaining on his sentence.[4]  The record does not reflect, and Boyce does not argue, that the VOP sentence exceeded statutory limits or the Level V time that was previously suspended.  We find no basis for reversal.

---

[2] *See generally Collins v. State*, 897 A.2d 159, 160 (Del. 2006) ("The grant of probation is an 'act of grace' and a sentencing judge has broad discretionary power when deciding whether or not to revoke probation." (quoting *Brown v. State*, 249 A.2d 269, 271 (Del. 1968))).
[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[4] 11 *Del. C.* § 4334(c).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice