IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAHEED BERRY, | § | |
| | § | |
| Defendant Below, | § | No. 274, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 2110002587, |
| | § | 2110001638, 2101004934 (K) |
| Appellee. | § | |

Submitted: April 5, 2024
Decided: May 14, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Shaheed Berry, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). For the reasons set forth below, we affirm the Superior Court's judgment.

(2) In March 2022, Berry pleaded guilty to drug dealing and possession of firearm by a person prohibited ("PFBPP") in Criminal ID No. 2101004934. The Superior Court sentenced Berry as follows:

- for drug dealing, effective October 6, 2021, seven years, six months and twenty-five days of Level V incarceration, suspended immediately for decreasing levels of supervision; and

- for PFBPP, eight years of Level V incarceration, suspended for eighteen months of Level III probation.

The sentencing order also provided for Berry to undergo substance abuse and mental health evaluations, follow any treatment recommendations, and be monitored by the Treatment Access Center ("TASC").

(3) In June 2022, Berry pleaded guilty to drug dealing in Criminal ID No. 2110001638 and drug dealing in Criminal ID No. 2110002587. The Superior Court sentenced Berry as follows:

- for drug dealing in Criminal ID No. 2110001638, eight years of Level V incarceration, suspended for one year of Level IV Department of Correction ("DOC") discretion, followed by eighteen months of Level III probation;

- for drug dealing in Criminal ID No. 2110002587, eight years of Level V incarceration, suspended for eighteen months of Level III probation.

(4) On April 19, 2023, an administrative warrant was filed for Berry's VOP. The VOP report alleged that Berry had not reported to TASC for appointments on April 6, 2023 and April 13, 2023 and had been discharged from an aftercare program for non-compliance. After a hearing on May 19, 2023, the Superior Court found that Berry had violated his probation and sentenced him as follows:

- for drug dealing in Criminal ID No. 2101004934, six years and five months of Level V incarceration, suspended for eighteen months of Level III probation;

2

- for PFBPP in Criminal ID No. 2101004934, eight years of Level V incarceration, suspended for eighteen months of Level III probation;

- for drug dealing in Criminal ID No. 2110001638, seven years and six months of Level V incarceration, suspended for eighteen months of Level III probation;

- for drug dealing in Criminal ID No. 2110002587, eight years of Level V incarceration, suspended for eighteen months of Level III probation.

The VOP sentencing order reimposed all previous terms and conditions.

(5) On June 28, 2023, an administrative warrant was filed for Berry's VOP. The VOP report alleged that Berry had not reported to TASC for appointments on May 17, 2023, May 24, 2023, May 31, 2023, June 7, 2023, June 14, 2023, and June 21, 2023. In a later memorandum, TASC advised the Superior Court that Berry had a verbal altercation with staff on July 11, 2023 and requested elimination of the TASC monitoring requirement in Berry's sentence.

(6) After a hearing on July 21, 2023, the Superior Court found that Berry had violated his probation and sentenced him as follows:

- for drug dealing in Criminal ID No. 2101004934, six years and four months of Level V incarceration, suspended after one year of Level V incarceration to be served under 11 *Del. C.* § 4204(k) for decreasing levels of supervision;

- for PFBPP in Criminal ID No. 2101004934, eight years of Level V incarceration, suspended for one year of Level III GPS;

3

- for drug dealing in Criminal ID No. 2110001638, seven years and six months of Level V incarceration, suspended for one year of Level III GPS;

- for drug dealing in Criminal ID No. 2110002587, eight years of Level V incarceration, suspended for one year of Level III GPS.

This appeal followed.

(7)  Berry's arguments on appeal may be summarized as follows: (i) his counsel did not have sufficient time to gather evidence and statements from TASC witnesses establishing that he went to TASC on the days he allegedly failed to appear; (ii) the Superior Court did not receive a probation officer's statement that Berry had complied with his probation; and (iii) his urine screens were clean, he did not need drug rehabilitation, and it was difficult for him to report to TASC in Kent County at the required times while he was living in Sussex County and working two jobs.

(8)  To the extent Berry is contending that the Superior Court erred in finding he violated his probation, this contention is without merit. In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of probation.[1]  A preponderance of the evidence means "some competent evidence" to prove the violation asserted.[2]  At

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[2] *Brown v. State*, 249 A.2d 269, 272 (Del. 1968).

4

the VOP hearing,[3] Berry initially denied the allegations in the VOP report and TASC's memorandum. After conferring with his counsel, Berry admitted that he violated his probation by failing to report to TASC as directed and behaved inappropriately during his last unscheduled visit to TASC. Berry did not ask for additional time to gather evidence that he had reported to TASC as directed. Instead, he confirmed to the Superior Court that he did not wish to contest the VOP allegations and asked to be heard regarding the VOP sentence. In light of Berry's admissions, there was sufficient competent evidence for the Superior Court to find Berry in violation and to revoke his probation.[4]

(9) While asking the Superior Court for a VOP sentence that did not include jail time, Berry emphasized that his urine screens were clean and the challenges he faced in reporting to TASC as directed. To the extent he is contending that the Superior Court erred in sentencing him, this claim is also without merit. This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[5] When the sentence falls within the statutory limits, "we consider only whether it is based on factual

---

[3] The transcript of the VOP hearing reflects that Berry fled the courthouse before the hearing commenced, was caught by his probation officer and Capitol Police, and was brought back to the courthouse for the hearing.

[4] *Collins v. State*, 897 A.2d 159, 161 (Del. 2006).

[5] *Kurzmann v. State*, 903 A.2d at 714.

predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[6]

(10) Once Berry committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on his sentence.[7] The Level V time imposed for Berry's VOP did not exceed the Level V time remaining on his sentences. Nor has Berry identified anything to suggest that the VOP sentence was based on factual predicates that are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind. The Superior Court's judgment must be affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] *Id.*
[7] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

6