IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY S. WILSON, | § | |
| | § | |
| Defendant Below, | § | No. 176, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. N2303008236 & |
| | § | N2203002351 |
| Appellee. | § | |

Submitted: August 8, 2024
Decided: September 20, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1) The appellant, Anthony S. Wilson, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Wilson's opening brief that the appeal is without merit. We affirm the Superior Court's finding of a VOP, but remand for correction of the VOP sentencing order.

(2) In June 2023, Wilson resolved two criminal cases by pleading guilty to act of intimidation, harassment, and non-compliance with bond. The Superior Court

sentenced Wilson as follows: (i) for act of intimidation, effective March 4, 2022, eight years of Level V incarceration, suspended after two years for six months of Level IV DOC discretion, followed by eighteen months of Level III GPS supervision; (ii) for harassment, one year of Level V incarceration, suspended for one year of Level III GPS supervision; and (iii) for non-compliance with bond conditions, five years of Level V incarceration, suspended for one year of Level III GPS supervision.

(3) On January 22, 2024, an administrative warrant was filed for Wilson's VOP. The VOP report alleged that Wilson had failed to comply with the rules and regulations of the Plummer Community Corrections Center on multiple occasions and violated a no-contact provision in his sentencing order. After a hearing on April 3, 2024, the Superior Court found that Wilson had violated his probation. The Superior Court imposed the following sentence at the hearing: (i) for act of intimidation, effective March 16, 2024, five years and eleven months of Level V incarceration, suspended after six months for six months of Level IV DOC discretion, followed by six months of Level III GPS supervision; (ii) for harassment, one year of Level V incarceration, suspended for one year of Level III GPS supervision; and (iii) for non-compliance with bond conditions, five years of Level V incarceration, suspended for one year of Level III GPS supervision. This appeal followed.

2

(4)     In his opening brief, Wilson denies violating his probation and argues that the Superior Court erred in finding that he violated his probation in the absence of any evidence other than hearsay. The State was only required to prove by a preponderance of the evidence that Wilson violated the terms of his probation.[1]   A preponderance of the evidence means "some competent evidence" to prove the violation asserted.[2]   Wilson's argument that there was insufficient evidence to support the Superior Court's VOP finding is without merit.

(5)     At the VOP hearing, Wilson denied the allegation that he violated the no-contact order and described his failure to comply with Plummer rules and regulations as technical matters that were either dismissed or resolved internally. The judge explained that failure to comply with Plummer rules and regulations could be a VOP.  The judge also explained that if Wilson wished to contest the VOP charges, there would be a contested VOP hearing that would either take place that day or at another time.  If Wilson admitted to violating his probation, the Superior Court would sentence him.

(6)     After conferring with his counsel, Wilson admitted that he had violated his probation by committing program violations at Plummer.  He asked for a sentence of Level III GPS supervision instead of nine months of Level V

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[2] *Brown v. State*, 249 A.2d 269, 272 (Del. 1968).

incarceration as requested by the State. Given Wilson's admission that he violated his probation by committing program violations at Plummer, there was sufficient competent evidence for the Superior Court to find Wilson in violation and to revoke his probation.[3] The Superior Court did not err in finding that Wilson had violated his probation.

(7) The VOP sentencing order is, however, inconsistent with the sentence imposed by the Superior Court at the VOP hearing. The VOP sentencing order states that Wilson was discharged from probation for harassment and non-compliance with bond conditions. At the VOP hearing, the Superior Court sentenced Wilson to suspended Level V time for harassment and non-compliance with bond conditions. In light of the inconsistency between the sentencing order and the sentence imposed, this matter must be remanded to the Superior Court for correction of the sentencing order.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED. The case is

---

[3] *See Berry v. State*, 2024 WL 2180460, at *2 (Del. May 14, 2024) (affirming VOP finding based on the defendant's admission to violating his probation); *Powel v. State*, 2024 WL 707190, at *2 (Del. Feb. 20, 2024) (rejecting the defendant's challenge to VOP where he had admitted to violating his probation at hearing); *Collins v. State*, 897 A.2d 159, 161 (Del. 2006) (recognizing that a probationer's admission of a violation "is considered sufficient competent evidence to revoke probation").

4

remanded to the Superior Court for corrective action consistent with this Order.

Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice