Donnell COLLINS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 217, 2005.

Supreme Court of Delaware.

Submitted: Jan. 11, 2006.
Decided: March 17, 2006.

Robert M. Goff, Esquire, Public Defender, Wilmington, Delaware for appellant.

Timothy Donovan, Esquire, Department of Justice, Wilmington, Delaware for appellee.

Before STEELE, Chief Justice, BERGER and RIDGELY, Justices.

RIDGELY, Justice.

Defendant Donnell Collins appeals the revocation of his probation and resentencing based upon hearsay statements connecting him to a burglary and other crimes committed during the course of the burglary. Consistent with this Court's holding in

*Brown v. State,*[1] we hold that hearsay evidence connecting a probationer to a crime is insufficient to support a revocation of probation. Accordingly, we reverse and remand this matter with instructions to set aside the order revoking probation.

## I.

In March of 2005, Donnell Collins was charged with violating the conditions of his probation by committing burglary, criminal mischief, and terroristic threatening. At his violation of probation hearing, the State presented evidence from one witness, New Castle County Police Officer Rand Townley.

Officer Townley testified that he investigated a domestic complaint from Collins' ex-girlfriend, who told him that Collins had come to her home, argued with her, broke her telephone and then left. She said he later returned, kicked in her door, threatened her and smashed a figurine on the floor before he fled. Officer Townley further testified that he observed scuffmarks on the ex-girlfriend's front door, the shattered figurine on the floor, a hole in the wall from the door handle, and a broken telephone. He also testified that he questioned the downstairs neighbor, Collins' aunt, who explained to him that she saw Collins throw a beer can down the stairs and threaten his ex-girlfriend before fleeing to another apartment building. A war-

rant was issued for Collins arrest and he turned himself in.

Collins denied the charges at his violation of probation hearing. Neither Collins' ex-girlfriend nor his aunt testified, nor did the State produce any eyewitnesses or physical evidence linking Collins to the alleged crime. The Superior Court held that there was competent evidence sufficient to revoke Collins probation and did so.

## II

The grant of probation is an "act of grace" and a sentencing judge has broad discretionary power when deciding whether or not to revoke probation.[2] This Court reviews the revocation of probation for an abuse of discretion.[3] Although the rules of evidence applicable to criminal trials are relaxed in violation of probation proceedings and hearsay evidence is admissible, Delaware law requires "some competent evidence to prove the violation asserted."[4] This evidence must "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[5]

Although the probationer's guilt need not be established beyond a reasonable doubt,[6] probation cannot be revoked solely upon the basis of testimony of a witness with "no first-hand knowledge of

1. *Brown v. State,* 249 A.2d 269 (Del.1968).

2. *Id.* at 271.

3. *Id.* at 272.

4. *Id.*

5. *Id. See also Melody v. State,* 808 A.2d 1204, No. 373, 2002, 2002 WL 31355234 (Del. Oct. 16, 2002) (holding that the defendant's positive drug test results for cocaine and admission of using cocaine were sufficient competent evidence to support a find-

ing of a violation of probation); *Liles v. State,* 620 A.2d 858, No. 105, 1992, 1992 WL 401568 (Del. Dec. 7, 1992) (holding that the defendant's admissions of violating the Recovery Center's rules, testimony of counselors at the center, and evidence that defendant was discharged from the Center, were sufficient competent evidence to revoke probation).

6. *Brown,* 249 A.2d at 272.

the events constituting the violations."[7] Thus, a defendant's admission of the alleged crime is considered sufficient competent evidence to revoke probation,[8] but where the defendant has not admitted violating his probation, some competent evidence linking the defendant to the crime is necessary.[9]

The Superior Court held that Officer Townley's independent observations of damage to the apartment were sufficient competent evidence in support of his hearsay testimony to revoke probation. To support that conclusion on appeal, the State relies on *Santiago v. State*[10] for the proposition that hearsay testimony alone

can be sufficient competent evidence to establish a violation of probation. In *Santiago*, however, the defendant admitted to testing positive for cocaine, which was competent evidence linking the defendant to the violation—evidence that is not present in this case.[11]

Collins urges that the competent evidence standard requires, in addition to the hearsay testimony, evidence that specifically inculpates the probationer himself. Collins contends that although the police observations of damage to the apartment may have supported the victim's story, they *did not connect Collins* to the crime,

7. *Simmons v. State*, 788 A.2d 132, No. 72, 2000, 2001 WL 175677 (Del. Feb. 2, 2001) (holding that it was an abuse of discretion to revoke the defendant's probation based solely on the testimony about specific incidents from a witness with no first-hand knowledge of the incidents, where no report from the facility of the alleged violations was presented by the state, and the defendant denied the allegations).

8. *See, e.g., Walley v. State*, 847 A.2d 1122, No. 200, 2003, 2004 WL 1058411 (Del. May 4, 2004) (holding defendant's admission to violating his probation was sufficient competent evidence); *Drayer v. State*, No. 636, 2002, 2003 WL 21692215 (Del. July 16, 2003) (holding that the defendant's admission that he did not return to Delaware as required was competent evidence that he violated his probation).

9. *Bunting v. State*, 870 A.2d 1191, No. 265, 2004, 2005 WL 580308 (Del. Mar. 7, 2005) (holding that papers bearing the defendant's name found in the same room as drugs, plus hearsay testimony from the defendant's family that the room belonged to the defendant, were sufficient competent evidence to revoke probation); *White v. State*, 844 A.2d 991, No. 359, 2003, 2004 WL 527935 (Del. Mar. 12, 2004) (holding that the testimony of two counselors, including hearsay and firsthand accounts of the defendant's conduct, plus documents showing that the defendant violated a requirement of his probation, were sufficient competent evidence to revoke probation);

*Hester v. State*, 791 A.2d 750, No. 412, 2001, 2002 WL 243323 (Del. Feb. 13, 2002) (holding that testimony of the probation officer who oversaw administration of the defendant's drug test and the positive results of that test for cocaine constituted sufficient competent evidence); *State v. Gatlin*, No. CR.A. IN99–01–0992-R, 2003 WL 23095682 (Del.Super.Ct.2003) (holding that competent evidence supported revocation of defendant's probation because, in addition to hearsay testimony from his case manager, documentary evidence showed that defendant was discharged from the treatment facility for violating its policies, and compliance with those policies was a requirement of probation).

10. 817 A.2d 805, No. 484, 2002, 2003 WL 423320 at *2 (Del. Feb. 13, 2003) (holding that the testimony of another probation officer in place of and reading from a report of the defendant's probation officer was properly relied on by the Court to revoke probation). However, the Court also notes that at trial the defendant admitted to testing positive for cocaine. *Id.* at *2.

11. Similarly, the State's reliance on *Hester v. State* is inapplicable because there, there was a connection between the evidence and the defendant. No. 412, 2001, 2002 WL 243323 (Del. Feb. 13, 2002). In *Hester*, the defendant's positive drug test report in the record and the case manager's testimony that she oversaw the administration of the test were sufficient competent evidence to revoke probation. *Id.* at *1.

and thus cannot serve as a basis to revoke his probation.

In *Brown v. State*,[12] this Court reversed a revocation of probation where there was no competent evidence beyond a police officer's testimony, relaying information from a police report and a newspaper article, that the probationer had violated her probation by committing a crime. In *Brown* and in this case, although the victims had identified the probationer to the police as the alleged perpetrator, the victims did not testify.[13] The Superior Court distinguished *Brown* on the basis that in *Brown* there was no physical evidence corroborating the hearsay, whereas here Officer Townley himself observed the damage done to the apartment.

This factual distinction does not make a legal difference. Although physical evidence of the damage to the apartment may have indicated that criminal conduct had occurred, it did not connect Collins to that crime. Without more, Officer Townley's testimony at the hearing was not sufficient competent evidence to prove that Collins' conduct violated his probation requirements.[14] Because competent evidence of a violation of probation by Collins was not presented, the revocation of his probation was an abuse of discretion.

## III. CONCLUSION

The judgement of the Superior Court is REVERSED and this mater is REMAND-ED with instructions to set aside the order revoking probation.

---

12. 249 A.2d 269, 271 (Del.1968).

13. *Brown*, 249 A.2d at 270-71.

14. See also, *Combs v. State*, 351 So.2d 1103, 1103 (Fla.Dist.Ct.App. 4th 1977) (holding that police officer hearsay testimony cannot be supported by other evidence of a burglary, it has to connect the defendant to the burglary); *Colwell v. State*, 838 So.2d 670, 672 (Fla.Dist. Ct.App.2d 2003) (holding that an investigating officer's testimony as to what the victim al-leged and a red mark on her neck did not connect the defendant to the assault and was not sufficient evidence to revoke probation); *Blair v. State*, 805 So.2d 873 (Fla.Dist.Ct. App.2d 2001) (holding that an investigating deputy's testimony of the victim's statements and observations of the victim's physical state and disarrayed house did not connect the defendant to the alleged battery and was not sufficient evidence to revoke probation).