IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAMAR SETH, | § | |
| | § | No. 148, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1008013472 |
| Appellee. | § | |

Submitted: August 19, 2014
Decided: November 7, 2014

Before **HOLLAND**, **RIDGELY** and **VALIHURA**, Justices.

## O R D E R

This 7th day of November 2014, it appears to the Court that:

(1)   The appellant, Lamar Seth, has filed an appeal from his December 19, 2013 adjudication and sentencing in the Superior Court on a violation of probation ("VOP"). The appellee, State of Delaware, has filed a motion to affirm on the ground that it is manifest on the face of Seth's opening brief that the appeal is without merit. Having carefully considered the parties' positions on appeal and the record, we agree with the State's position and affirm the Superior Court judgment.

(2)     It appears from the record that Seth pled guilty on February 15, 2011 to Attempted Robbery in the First Degree and was sentenced to ten years at Level V suspended after three years for decreasing levels of supervision (hereinafter "Attempted Robbery case"). In September 2013, while on probation in the Attempted Robbery case, Seth absconded from supervision. A probation violation report was filed on October 2, 2013.

(3)     On October 16, 2013, while on absconder status, Seth was arrested for drug offenses. Seth's arrest led to an administrative warrant for a VOP in the Attempted Robbery case. On November 14, 2013, Seth pled guilty to Drug Dealing and was sentenced to ninety days at Level V followed by one year at Level III probation.[1]

(4)     On December 19, 2013, Seth was adjudged guilty of VOP in the Attempted Robbery case and was sentenced to seven years at Level V suspended after three years for decreasing levels of supervision. This appeal followed.

(5)     On appeal, Seth claims that, had he known of the investigation into the Controlled Substances Unit at the Office of the Chief Medical Examiner, he would not have pled guilty to Drug Dealing on November 14, 2013, and the result of his December 19, 2013 VOP hearing "may have been

---

[1] *State v. Seth*, Del. Super., Cr. ID No. 1310009622.

2

different."[2] Seth's claim is without merit. Seth was convicted of VOP for his November 2013 guilty plea but also for absconding from supervision in September 2013 and accruing new charges while on absconder status in October 2013. In Delaware, a VOP need only be proven by "some competent evidence" to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.[3] Seth fails to demonstrate how the outcome of his VOP hearing would have been different had he not pleaded guilty in November 2013.

NOW, THEREFORE IT IS HEREBY ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[2] Seth refers to an investigation initiated in 2014 into the Office of the Chief Medical Examiner Controlled Substances Unit.

[3] *Brown v. State*, 2010 WL 4189224, *1 (Del. Oct. 25, 2010) (citing *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006) (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006))).