IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM SPICER, | § | |
| | § | No. 489, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos.  0212011465 |
| | § |                          1105020617 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  January 5, 2015
Decided:     March 13, 2015

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 13th day of March 2015, it appears to the Court that:

(1)     After a violation of probation ("VOP") hearing on November 13, 2013, the Superior Court convicted the appellant, William Spicer, of having violated his probation in a 2003 case and in a 2011 case.  After his sentencing on January 7, 2014, Spicer appealed to this Court.  On appeal, we vacated the Superior Court judgment and remanded the matter for further proceedings.[1]  At a new VOP hearing on August 8, 2014, the Superior Court again convicted Spicer of violation of probation in the 2003 case and the

_____

[1] *Spicer v. State*, 2014 WL 2803478 (Del. June 18, 2014).

2011 case. This appeal followed. On appeal, the appellee, State of Delaware, has filed a motion to affirm the Superior Court judgment on the ground that it is manifest on the face of Spicer's opening brief that the appeal is without merit. We agree and affirm.

(2) Further background of this matter is as follows. On June 23, 2003, Spicer pled guilty to two child sex offenses and was sentenced to 17 years of incarceration suspended after 2 years for 15 years of probation ("2003 case"). As a special condition of the sentence, the Superior Court ordered that Spicer have no contact with any minor under the age of 18 except for his own children ("no contact condition"). Spicer was found guilty of violating probation once in 2008 and twice in 2009. On the second of his two VOP convictions in 2009, Spicer was resentenced, in June 2009, to 11 years and 6 months of incarceration suspended upon completion of the Family Problems Program for probation.

(3) On August 19, 2011, Spicer pled guilty to two new child sex offenses and was sentenced to 15 years and 30 days of incarceration suspended after 2 years and completion of the Key Program for one year at a residential substance abuse treatment program followed by 30 months of probation ("2011 case"). As a special condition of the sentence imposed in that case, the Superior Court ordered that Spicer have no contact with any

minor under the age of 18 unless the minor's parent or legal guardian was present ("no unsupervised contact condition").

(4)  On September 23, 2013, Spicer was released from prison in the 2011 case to begin serving probation. On November 8, 2013, Probation and Parole ("P&P") filed a violation report, alleging that Spicer had been having contact with a four year old child, in violation of the "no contact condition" in the 2003 case. P&P recommended that the Superior Court revoke probation in the 2003 case and resentence Spicer to 11 years of incarceration suspended after 5 years for 2 years of home confinement and 9 years of probation with GPS monitoring. In the 2011 case, because P&P could not confirm that Spicer's alleged contact with the child was in violation of the "no unsupervised contact condition," P&P did not charge Spicer with a violation of probation in that case but did request that the Superior Court review the 2011 sentence and consider changing the "no unsupervised contact condition" to a "no contact condition."

(5)  At a VOP hearing on November 15, 2013, Spicer, through counsel, admitted that he had contact with the child, but he maintained that the contact was supervised by the child's mother. Spicer also told the court that he thought he was permitted to have supervised contact under the "no unsupervised contact condition" in the 2011 case, and that the "no

3

unsupervised contact condition" in the 2011 case superseded the "no contact condition" in the 2003 case.

(6) At the conclusion of the VOP hearing on November 15, 2013 the Superior Court found Spicer guilty of having violated probation in both the 2003 case and the 2011 case. On January 17, 2014, after a presentence investigation, the Superior Court resentenced Spicer to a total of 21½ years of incarceration suspended after 4 years and 6 months at the Transitions Sex Offender Program for 16 years of probation. More specifically, in the 2003 case, the court imposed 9 years and 6 months of incarceration suspended for 9 years of probation. In the 2011 case, the court imposed 12 years of incarceration suspended after 4 years and 6 months in the Transitions Sex Offender Program for 7 years of probation.

(7) On appeal from his November 2013 VOP conviction and January 2014 sentencing, Spicer, through new counsel, argued that the Superior Court erred in finding him guilty of VOP in the 2011 case. In a motion to remand, the State agreed, conceding that there was no evidence that Spicer had violated probation in the 2011 case. The State asked this Court to vacate the sentence imposed on January 7, 2014 and to remand the matter for resentencing in the 2003 case only.

4

(8) In response to the State's motion to remand, Spicer agreed that the sentence should be vacated and the matter remanded, but he disagreed that the remand should be limited to resentencing. Spicer requested that the Court remand for an entirely new VOP hearing. Upon consideration of the State's motion to remand and Spicer's request, we issued an Order on June 18, 2014, remanding the matter for a new VOP hearing, ruling that "[u]nder the circumstances, because the State concedes error as to both the VOP adjudication and the VOP sentence, we conclude that a remand for a new VOP hearing is appropriate."[2]

(9) The Superior Court held a new VOP hearing on August 8, 2014. At the VOP hearing, Spicer, through his counsel, admitted to having had contact with the child. Spicer also admitted that on September 16, 2013, a week before he was released from prison in the 2011 case to begin probation, he signed a P&P "Conditions of Supervision" form, which stated that he was to have no contact with minors, whatsoever.[3] In mitigation, Spicer asked the court to take into consideration "the underlying confusion" caused by the conflicting no contact conditions.

---

[2] *Id.*, at ¶ 4.

[3] When supervising a defendant who has been convicted of a sex offense, the Department of Correction may impose certain additional conditions of probation, including prohibiting contact with children under the age of 18 unless approved by the Probation Officer. *See* Delaware Sentencing Accountability Commission Benchbook Violation of Probation, Sex Offender Additional Standard Conditions of Supervision at 144 (2015).

(10) At the conclusion of the August 8, 2014 hearing, the Superior Court found Spicer guilty of VOP in the 2003 case and the 2011 case and resentenced him to a total of 19 years of incarceration suspended after 3 years and 8 months and the successful completion of the Transitions Sex Offender Program, for 15 years of probation. More specifically, in the 2003 case, the court imposed 8 years of incarceration suspended after 3 years and 8 months and successful completion of the Transitions Sex Offender Program for 5 years of probation. In the 2011 case, the court imposed 11 years of incarceration suspended for 10 years of probation. This appeal followed. Spicer is proceeding *pro se* on appeal.

(11) In his *pro se* opening brief on appeal, Spicer claims that the Superior Court erred when finding him guilty of violation of probation in the 2011 case "after the Supreme Court clearly stated that Spicer did not violate that probation." Also, Spicer claims that the Superior Court erred when imposing 10 years of probation in the 2011 case.

(12) Spicer is mistaken that this Court concluded that he did not violate probation in the 2011 case. Rather, in Spicer's prior appeal, when deciding the State's motion to remand, we concluded, at the request of Spicer's counsel and without objection from the State, that a remand for a new VOP hearing was appropriate. We vacated the Superior Court

6

judgment and remanded the matter for further proceedings in the Superior Court.[4]

(13) In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[5] A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[6]

(14) At the VOP hearing on August 8, 2014, Spicer, through his counsel, admitted that he signed a P&P "Conditions of Supervision" form on September 16, 2013, a week before his release from prison in the 2011 case. Moreover, Spicer acknowledged that the P&P "Conditions of Supervision" form was clear that he was to have no contact with minors under the age of 18, whatsoever. Spicer's admission that he signed the P&P "Conditions of Supervision" form, which included a provision prohibiting contact with

---

[4] *See Spicer v. State*, 2014 WL 2803478, at *1 (Del. June 18, 2014) (vacating judgment and remanding for further proceedings).

[5] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[6] *Id.* (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

minors, constituted sufficient competent evidence to revoke his probation in the 2011 case.[7]

(15) Spicer contends that the Superior Court erred when resentencing him at the VOP hearing on August 8, 2014 to 10 years of probation in the 2011 case. His claim is without merit. When resentencing Spicer on August 8, 2014 in the 2011 case, the Superior Court could have imposed any period of incarceration up to and including the balance of the prison sentence remaining from the 15-year sentence imposed on August 19, 2011.[8] Under the circumstances in Spicer's case, the court imposed 11 years of incarceration suspended for 10 years of probation. The lengthy period of probation imposed by the court was not an abuse of discretion.[9]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[7] *See generally State v. Schafferman*, 2000 WL 1610680, at *3 (Del. Super. Oct. 20, 2000) (finding that defendant violated probation when failing to comply with special conditions of sentence and when failing to comply with conditions of supervision of probation), *aff'd*, 2000 WL 1897411 (Del. Dec. 18. 2000).

[8] 11 *Del. C.* § 4334(c).

[9] *See* 11 *Del. C.* § 4333(d)(1) (providing for longer period of probation for a defendant convicted of a sex offense if the sentencing court determines on the record that a longer period of probation will reduce the likelihood of re-offending).