IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSEPH L. MITCHELL,

§
§ No. 18, 2015
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware in and
v. § for Kent County
§
STATE OF DELAWARE, § Cr. ID No. 0404002077
§
Plaintiff Below, §
Appellee. §

Submitted: February 6, 2015
Decided: March 23, 2015

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 23rd day of March 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears it appears to the Court that:

(1) The appellant, Joseph L. Mitchell, filed this appeal from his conviction and sentence in the Superior Court for having violating the conditions of Level IV Home Confinement. On appeal, the appellee, State of Delaware, has filed a motion to affirm the Superior Court's judgment on the ground that it is

manifest on the face of Mitchell's opening brief that the appeal is without merit.[1] We agree and affirm.

(2)     The record reflects that Mitchell pled guilty in 2004 to Trafficking in Cocaine and was sentenced to twenty years of Level V incarceration suspended after nine years for eighteen months of Level III probation.  In 2011, the Superior Court modified the sentence to require that Mitchell complete the Key Program at Level V and the Crest Program at Level IV before serving twelve months of Level III probation.

(3)     On October 3, 2014, Mitchell was found guilty, for the second time, of violating the conditions of Level III probation and was resentenced to fourteen years at Level V incarceration suspended for six months at Level IV Home Confinement followed by one year at Level III probation.  One month later, on November 3, 2014, Mitchell's probation officer issued an administrative warrant alleging that Mitchell had violated the conditions of Level IV Home Confinement. In the violation report that followed, Mitchell's probation officer alleged that Mitchell "was not at home . . . when home visits were conducted" on October 29, 30 and 31, 2014, including when the probation officer "attempted to install the Home Confinement equipment" at Mitchell's residence on October 29, 2014," and that Mitchell "did not have permission to be out during [those] hours."

---

[1] Del. Supr. Ct. R. 25(a).

(4)     At a contested violation hearing on December 19, 2014, Mitchell was found guilty of violating the conditions of Level IV Home Confinement and was resentenced to fourteen years at Level V suspended after six months for one year at Level III followed by one year at Level II. This appeal followed.

(5)     The Court notes that Mitchell did not request the preparation of the hearing transcript, which he was required to do as the appealing party.[2] Generally, the failure to include adequate transcripts of the trial court proceedings precludes appellate review of claims of error occurring in those proceedings.[3]

(6)     Mitchell devotes most of his opening brief to a claim that his due process rights were violated when he was not brought before a magistrate to determine bail. Mitchell's claim is without merit. The record reflects that the Superior Court ordered that Mitchell should be held without bail until the violation hearing. Under 11 *Del. C.* 4334(b), the court has discretion to set bail for a defendant arrested for having violated conditions of supervision.[4]

(7)     Mitchell also claims that his due process rights were violated when he did not receive written notice of the alleged violation and was not advised that he had the right to retain counsel for the violation hearing, as required by Superior

---

[2] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

[3] *Id.*

[4] 11 *Del. C.* § 4334(b).

3

Court Criminal Rule 32.1.[5] Without a transcript of the December 19, 2014 hearing, this Court cannot discern whether Mitchell raised his claims in the Superior Court. In any event, Mitchell does not contend that he did not have actual notice of the alleged violation or that he was unprepared to address the violation at the hearing on December 19, 2014. Under these circumstances, the Court concludes that Mitchell's due process claims are without merit.[6]

(8) Mitchell next alleges that his probation officer was biased against him, and that a "curfew violation" should not have led to a revocation of Level IV Home Confinement. Mitchell's claims are without merit. There is no support in the record for Mitchell's claim that his probation officer was biased against him. To the extent Mitchell claims that there was insufficient evidence to support a finding that he violated the conditions of Level IV Home Confinement, this Court cannot review that claim without reviewing the transcript of the December 19,

---

[5] *See* Del. Super. Ct. Crim. R. 32.1 (providing that a person taken into or held in custody for an alleged violation of partial confinement or probation shall receive written notice of the alleged violation; disclosure of the evidence against the person; an opportunity to appear and present evidence; the opportunity to question adverse witnesses; and notice of the right to retain counsel).

[6] *Jenkins v. State*, 8 A.3d 1147, 1153-54 (Del. 2010) (holding that defendant having actual notice of alleged violation of probation could not complain that he did not receive written notice). *Knight v. State*, 2006 WL 1805865, at ¶ 7 (Del. June 28, 2006) (concluding that due process claim for lack of written notice was without merit in the absence of any indication that the probationer or his counsel was unaware of or unprepared to address the alleged violation of probation).

2014 violation hearing.[7]  Generally, in a violation hearing, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his supervision.[8]  A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[9]

(9)  Finally, Mitchell makes a conclusory allegation that his defense counsel at the violation hearing was ineffective.  Mitchell's claim is not reviewable on direct appeal.[10]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[7] *Lopez v. State*, 2013 WL 458174, at *1 (Del. Feb. 5, 2013) (citing *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987)).

[8] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[9] *Id.* (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

[10] *Smith v. State*, 2014 WL 5421251, at *2 (Del. Oct. 23, 2014) (citing *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994)).