IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | § | |
| | § | No. 360, 2014 |
| Plaintiff Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| DANIEL DIAZ, | § | No. 0606013407 |
| | § | |
| Defendant Below- | § | |
| Appellee. | § | |

Submitted: February 18, 2015
Decided: April 15, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### *O R D E R*

On this 15th Day of April 2015, it appears to the Court that:

(1) Plaintiff-below/Appellant State of Delaware appeals from a Superior Court order modifying the violation of probation sentence of Defendant-below/Appellee Daniel Diaz. The State raises one claim on appeal. The State contends that the Superior Court erred by failing to follow the plain language of Superior Court Criminal Rule 35(b),[1] which in this case required a showing of extraordinary circumstances to justify modification of Diaz's sentence. We agree. We also find

---

[1] Superior Court Criminal Rule 35(b) provides that the court will consider an application for reduction of a sentence of imprisonment made more than ninety days after imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217. Super. Ct. Crim. R. 35(b).

1

that Diaz's acquittal on charges that led to his violation of probation does not, in and of itself, constitute an extraordinary circumstance. For these reasons, we reverse.

(2) In December 2006, Diaz pled guilty to two counts of Robbery in the First Degree and one count of Robbery in the Second Degree.[2] The Superior Court sentenced him in February 2007 to a total period of twelve years at Level V incarceration to be suspended after serving six years in prison, followed by decreasing levels of supervision. In April 2013, Diaz was arrested on a new criminal charge of Drug Dealing. As a result, he was charged with violating his probation for committing a new criminal offense, for leaving the State without authorization, and for being in possession of a controlled substance that was not legally prescribed.

(3) A contested violation of probation ("VOP") hearing was held on July 24, 2013. The State's evidence was presented through the testimony of Probation Officer Armando Gonzalez, Jr. and Detective Jeffrey Gliem of the Delaware State Police. The State's evidence established that the Delaware State Police had received information from a confidential informant ("CI") that Diaz was selling heroin in the Newark and New Castle areas. The CI told police that Diaz would re-supply his drugs by driving to Philadelphia in a silver Ford Taurus with Pennsylvania tags. The

_____

[2] Unless otherwise noted, the facts and procedural history are taken directly from this Court's decision in Diaz's direct appeal of the Superior Court's order finding him in violation of his probation. *Diaz v. State*, 2014 WL 1017480 (Del. Mar. 13, 2014).

silver Ford previously had been observed by his probation officer parked outside Diaz's home.

(4) As a result of the CI's information, police made an undercover, controlled drug purchase from Diaz. They also obtained a warrant to place a GPS tracking device on the silver Ford. The monitoring device reflected Diaz leaving Delaware on three occasions. On the third occasion, police stopped his vehicle. After obtaining a warrant, police searched the car and found over 10,000 bags of heroin hidden in a secret compartment. At the conclusion of the State's evidence, Diaz did not contest that the State had established a basis for the VOP.[3] The Superior Court immediately sentenced Diaz to a total of six years at Level V incarceration, which was all of the Level V time remaining to be served from his original sentence, followed by a six-month transition period of probation. On March 13, 2014, we affirmed the Superior Court's judgment in Diaz's direct appeal.

(5) In January 2014, Diaz was tried and acquitted of all charges stemming from his April 2013 arrest. On May 28, 2014, more than 10 months after he had been sentenced for violating his probation, Diaz filed a motion for modification of his VOP sentence. On June 2, 2014, without affording the State an opportunity to respond to Diaz's motion, the Superior Court granted the sentence modification, suspending all

---

[3] Defense counsel stated to the Superior Court that "[w]e're not going to contest that there was a basis for the violation." Appellant's Op. Br. App. at A13.

of the Level 5 time previously imposed for Level 4 Home Confinement followed by Level 3 probation.

(6) On June 27, 2014, the State filed a motion to vacate the Superior Court's order modifying Diaz's VOP sentence.[4] The State's time to appeal from the Superior Court's order modifying Diaz's sentence expired on July 1, 2014. As of June 30, 2014, the Superior Court had not ruled on the State's motion to vacate. The State filed its notice of appeal from the trial court's order granting Diaz's motion for sentence reduction on July 1, 2014.

(7) We review a trial court's grant of a motion filed under Superior Court Criminal Rule 35(b) for abuse of discretion.[5] Rule 35(b) requires that an application for modification of a sentence of imprisonment be filed within ninety days of the sentence's imposition. "When a Rule 35(b) motion is filed more than ninety days after the sentence is imposed, the Superior Court will consider a sentence reduction or modification 'only in extraordinary circumstances' or under title 11, section 4217 of the Delaware Code."[6]

(8) The State contends that the trial court abused its discretion by failing to

---

[4] At oral argument before this Court, the State indicated that its motion to vacate had been abandoned, and that the only judgment on appeal is the Superior Court's original order granting Diaz's motion for sentence modification. Oral Argument at 04:40-05:16, *State v. Diaz*, No. 360, 2014 (Feb. 18, 2014).

[5] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002).

[6] *Valentine v. State*, 2014 WL 7894374, at *1 (Del. Dec. 31, 2014) (citing Del. Super. Ct. Crim. R. 35(b)).

perform a proper Rule 35 analysis before modifying Diaz's sentence, and that Diaz's acquittal alone does not equate to extraordinary circumstances warranting consideration of his untimely application for sentence reduction. Diaz responds that his acquittal on the underlying drug charges, which were the primary basis for his violation of probation, established extraordinary circumstances under Rule 35, and thus the trial court properly considered and granted his motion.

(9) In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence. Although not defined by statute, Black's Law Dictionary defines "extraordinary circumstances" as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[7] In *State v. Lewis*, former-Chief Justice Steele aptly described "extraordinary circumstances" in the context of a Rule 35 motion as those which "specifically justify the delay;" are "entirely beyond a petitioner's control;" and "have prevented the applicant from seeking the remedy on a timely basis."[8] Our precedent supports this definition, and illustrates the high burden a defendant must satisfy in order for an untimely Rule 35 motion to be considered by the court.[9]

---

[7] Black's Law Dictionary (10th ed. 2014).

[8] *Lewis*, 797 A.2d at 1203, 1205 (Steele, J., dissenting).

[9] *See Morrison v. State*, 2004 WL 716773, at *1 (Del. Mar. 24, 2004) (holding that a defendant's claim of "extraordinary rehabilitation," without a recommendation from the Department of

5

(10) In this case, we find that the trial court abused its discretion by modifying Diaz's sentence without first performing a proper Rule 35 analysis. In its order modifying Diaz's sentence, the Superior Court stated, in pertinent part: "This sentence is modified because it was a violation of probation sentence that was primarily based on a new arrest. The new arrest case was tried on January 28, 2014 and a jury found Defendant not guilty on all charges."[10] The Superior Court erred by summarily granting Diaz's motion without addressing the extraordinary circumstances requirement of Rule 35.

(11) Moreover, Diaz's acquittal on the underlying drug charges is not, in and of itself, an extraordinary circumstance under Rule 35. There are well established, significant differences between a VOP hearing and a criminal trial. A VOP hearing is not a criminal prosecution.[11] Rights afforded to the accused in a criminal prosecution, such as the presumption of innocence and the Sixth Amendment right

---

Correction, did not satisfy the requirement of "exceptional circumstances."); *Jones v. State*, 2003 WL 356788, at *1 (Del. Feb. 14, 2003) (holding that financial and familial hardships, without more, did not constitute extraordinary circumstances); *Boyer v. State*, 2003 WL 21810824, at *5 (Del. Aug. 4, 2003) (holding that the trial court acted within its discretion when it found that defendant's health issues, familial hardships, rehabilitation efforts, and unique incarceration circumstances did not amount to extraordinary circumstances); *Johnson v. State*, 1999 WL 652049, at *1 (Del. Aug. 16, 1999) (holding that the defendant's situation did not rise to extraordinary circumstances despite being disabled, completing rehabilitation programs, having two young children in other states, and being a former police officer); *Duffy v. State*, 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (holding that a failure of communication between the defendant and his attorney did not constitute extraordinary circumstances).

[10] Appellant's Op. Br. App., Ex. C at 2.
[11] *Jenkins v. State*, 2004 WL 2743556, at *2 (Del. Nov. 23, 2004).

6

to confront witnesses, do not apply to a VOP hearing.[12]  The procedural rights that pertain to a VOP proceeding arise from the Due Process Clause.[13]  "In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.  A preponderance of evidence means 'some competent evidence' to 'reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.'"[14]  A defendant can be properly adjudicated to have violated his probation by committing a new crime, even if the State concedes that it lacks sufficient evidence to prosecute the probationer and establish beyond a reasonable doubt that he has committed the crime.[15]  "Furthermore, 'the rules of evidence applicable to criminal trials are relaxed' in VOP proceedings, and hearsay evidence is admissible."[16]  Because of these differences between a VOP proceeding and a criminal trial, a finding that a defendant has violated his probation based on new charges is not legally inconsistent with a subsequent acquittal on those charges at a criminal trial.

(12) Because Diaz's motion was filed beyond the ninety-day time limit of Rule

---

[12] *Id.*

[13]  *Perry v. State*, 741 A.2d 359, 363 (Del. 1999).

[14] *Diaz*, 2014 WL 1017480, at * 2 (quoting *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006)).

[15] *Kurzmann*, 903 A.2d at 716.

[16]  *Id*. (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

35(b), he was required to establish extraordinary circumstances that would justify consideration of his untimely motion. Diaz failed to establish such circumstances in the proceedings below, and has not done so here. Accordingly, we find that the Superior Court abused its discretion by granting Diaz's Rule 35(b) motion.[17]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **REVERSED**.

BY THE COURT:

/s/ James T. Vaughn Jr.
Justice

---

[17] The conclusion we reach in this case is not to be construed to mean that an acquittal can never be an extraordinary circumstance. That is a matter which we need not consider in this case and upon which we express no opinion.