IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK T. HARRIS, | § | |
| | § | No. 78, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1208015219 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May16, 2016
Decided: June 28, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 28th day of June 2016, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1)    The defendant-appellant, Mark Harris, filed this appeal from the Superior Court's order sentencing him for his fourth violation of probation (VOP).  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Harris's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that Harris pled guilty in March 2013 to one count of Assault in the Second Degree and was immediately sentenced to eight years at Level V incarceration (with credit for 134 days served), to be

suspended after serving eighteen months in prison for decreasing levels of supervision. In January 2016, after a contested hearing, Harris was found guilty of his fourth VOP. The Superior Court immediately sentenced Harris, effective December 23, 2015, to four years and ten months at Level V incarceration, to be suspended after serving nine months for one year at Level III probation. Harris appeals that judgment.

(3)　Harris raises only one issue in his opening brief on appeal. He contends that he should not have been charged with a violation of probation for violating the prison's dress code. He contends that he could not wear the clogs that the facility issued to him because of a medical condition.

(4)　The State points out in its motion to affirm, however, that Harris was not charged with violating the prison's dress code but, in fact, was charged with engaging in disorderly conduct, threatening behavior, and disrespectful conduct toward the deputy warden arising out of a dispute over the proper shoes to be worn at the facility.

(5)　In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[1] A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

of the probationer has not been as good as required by the conditions of probation."[2] The Superior Court's decision that Harris had acted in a belligerent and threatening manner and had therefore committed a VOP was supported by competence evidence in the record.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] *Id.* (*quoting Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).