IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONNIE L. THOMPSON, | § | |
| | § | No. 620, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1209013046 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: June 1, 2016
Decided: August 19, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## O R D E R

This 19th day of August 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The defendant-appellant, Ronnie L. Thompson, filed this appeal from the Superior Court's order sentencing him for his third violation of probation (VOP). The State filed a motion to affirm the judgment below on the ground that it is manifest on the face of Thompson's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Thompson pled guilty in December 2012 to one count of Drug Dealing. The Superior Court immediately sentenced him to five

years at Level V incarceration to be suspended after serving ninety days in prison for eighteen months at Level III probation. Thereafter, the Superior Court twice found Thompson in violation of his probation and resentenced him on July 12, 2013 and on May 6, 2015, respectively.[1]

(3) On October 5, 2015, Thompson was charged with his third VOP. The violation report alleged that Thompson had violated three conditions of his probation by: (i) consuming alcohol for which he tested positive by having a 0.16 blood alcohol content ("BAC"); (ii) failing to properly charge his electronic GPS monitoring device; and (iii) breaking curfew. At the violation hearing held on October 21, 2015, the probation officer testified about the circumstances underlying all three violations. Thompson admitted to consuming alcohol in violation of his probation conditions. The Superior Court found him in violation and immediately sentenced him to three years and nine months at Level V, to be suspended upon successful completion of the Level V Key Program to be followed by Level IV Crest and Level III Crest Aftercare. This is Thompson's appeal from that judgment.

---

[1] On July 12, 2013, the Superior Court sentenced Thompson on his first VOP to four years and nine months at Level V incarceration, to be suspended immediately for four years at Level IV (VOP Center), to be suspended after serving nine months at the VOP Center for eight months at Level IV Halfway House followed by two years at Level III probation. On May 6, 2015, the Superior Court sentenced Thompson on his second VOP to three years and nine months at Level V, to be suspended immediately for three years and nine months at Level IV Work Release, to be suspended after six months at Work Release for one year at Level III probation.

(4) Thompson raises five issues in his opening brief on appeal. He contends that: (i) the Superior Court had a closed mind in sentencing him; (ii) the judge relied on false information in sentencing him; (iii) his due process rights under Superior Court Criminal Rule 32.1 were violated; (iv) the probation officers violated his constitutional rights under the Fourth Amendment by entering his home without consent; and (v) the probation officer who testified at the VOP hearing was vindictive and recommended an unduly harsh sentence. At the heart of Thompson's appeal is his allegation that his probation officer falsely testified that Thompson was combative and threatening when the probation officers entered his home and that this conduct, which was not charged in the violation report, was relied upon by the Superior Court in sentencing him.

(5) After careful consideration, we find no merit to Thompson's appeal. Probation is an "act of grace," and the Superior Court has broad discretion in deciding whether to revoke a defendant's probation.[2] In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[3] A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge

---

[2] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[3] *Id.*

3

that the conduct of the probationer has not been as good as required by the conditions of probation."[4]

(6)     In this case, Thompson appeared at the VOP hearing represented by counsel. He raised no objection to the circumstances of his arrest or the contents of the violation report and admitted, in fact, that he had violated his probation by consuming alcohol. The Superior Court found him in violation based solely on that admission and stated:

> Let me be really clear. The violation is pretty straightforward. You've admitted that you were .16 [BAC], and you've admitted that that is in violation of the terms of your sentence.

(7)     Thompson's admission to violating his probation constitutes sufficient evidence to sustain the Superior Court's finding of a VOP. Moreover, Thompson's counseled admission to the probation violation also constitutes a waiver of both his due process claim under Rule 32.1 and his illegal search and seizure claim under the Fourth Amendment.[5]

(8)     Furthermore, we find no merit to Thompson's claims that the Superior Court relied on false testimony and sentenced him with a closed mind. On appeal, our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[6] In sentencing a defendant

---

[4] *Id.* (*quoting Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

[5] *Foster v. State*, 2009 WL 1456992, at *2 (Del. May 26, 2009).

[6] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

4

for a VOP, the trial court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[7] In this case, the Superior Court sentenced Thompson to complete the Level V Key Program, but suspended the remainder of his sentence upon successful completion of Key to be followed by decreasing levels of supervision at Level IV Crest and Level III Crest Aftercare. This sentence did not exceed the balance of the Level V time remaining to be served on Thompson's sentences. Moreover, there is nothing in the record to substantiate Thompson's claim that his probation officer offered false testimony or acted vindictively at the VOP hearing to seek a harsher sentence or that the Superior Court otherwise sentenced him with a closed mind.[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[7] 11 *Del. C.* § 4334(c) (2015).

[8] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

5