IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM J. BOYLES, | § | |
| | § | No. 369, 2017 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1511005695 (K) |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: November 3, 2017
Decided: December 12, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 12th day of December 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The defendant-appellant, William Boyles, filed this appeal from the Superior Court's order sentencing him for his second violation of probation (VOP). The State filed a motion to affirm the judgment below on the ground that it is manifest on the face of Boyles' opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that Boyles pled guilty in April 2016 to one count of third degree burglary. The Superior Court immediately sentenced him to three

years at Level V incarceration, to be suspended immediately for one year at Level III probation. Boyles did not appeal that sentence. In January 2017, he was charged with his first VOP. The Superior Court found Boyles in violation and resentenced him. In April 2017, after receiving a progress report, the Superior Court issued a modified sentencing order adding a zero tolerance provision for illicit substances or diluted urine samples.

(3) In May 2017, Boyles was charged with his second VOP for missing probation appointments, for failed and diluted drug screens, and for nonpayment of court-ordered financial obligations. After a hearing in August 2017, the Superior Court again found Boyles in violation and sentenced him to two years and ten months at Level V incarceration, to be suspended upon successful completion of the Key Program for one year at Level IV Crest, to be suspended upon successful completion of Crest for one year at Level III Crest Aftercare. Boyles appeals that judgment.

(4) In his opening brief on appeal, Boyles acknowledges that he violated his probation. He argues, however, that he has made positive changes in his life and that the Superior Court's VOP sentence was excessive for someone with a "technical violation."

(5) After careful consideration, we find no merit to Boyles' appeal. Probation is an "act of grace," and the Superior Court has broad discretion in

deciding whether to revoke a defendant's probation.[1]  In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[2]  A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[3]  Evidence of Boyles' failed drug screens is sufficient evidence to sustain the Superior Court's finding of a VOP.

(6)    Furthermore, we find no merit to Boyles' claim that the Superior Court's sentence was excessive.  On appeal, our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[4]  In sentencing a defendant for a VOP, the trial court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[5]  In this case, the Superior Court sentenced Boyles to complete the Level V Key Program, but suspended the remainder of that sentence upon successful completion of Key, to be followed by decreasing levels of supervision.  This sentence did not exceed the balance of the Level V time remaining to be served on Boyles' sentence.

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[2] *Id.*
[3] *Id.* (*quoting Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).
[4] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[5] 11 *Del. C.* § 4334(c) (2015).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice