IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFERY BRANNON, | § | |
| | § | No. 91, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below:  Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1604014925 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 14, 2018
Decided: June 4, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

(1)    The appellant, Jeffery Brannon, filed this appeal from his February 8, 2017 conviction and sentencing in the Superior Court for a violation of probation ("VOP").  The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Brannon's opening brief that the appeal is without merit.

(2)    On May 17, 2016, Brannon pleaded guilty to three offenses and was sentenced, effective April 26, 2016, to a total of eight years of Level V incarceration suspended for three years of concurrent probation. As part of the sentence, Brannon was required to undergo a substance abuse evaluation, to follow any

recommendations for treatment, counseling, and screening, and to be monitored by the Treatment Access Center ("TASC").

(3) In January 2017, Brannon was charged with violating probation. The violation report alleged that, between June and December 2016, Brannan tested positive for unlawful drugs, failed to report for TASC monitoring, refused drug testing, missed appointments, and behaved aggressively in an intensive outpatient treatment program.

(4) On February 8, 2017, Brannon appeared with counsel at a VOP hearing and, as reflected in the hearing transcript, admitted some of the allegations of unlawful drug use.[1] As a result, Brannon was found guilty of VOP and was sentenced to a total of eight years of Level V incarceration, suspended after successful completion of the Level V Key and Level IV Crest substance abuse treatment programs for three years of concurrent probation. The sentence was made effective January 24, 2017 and included twenty-two days of time-served credit. This appeal followed.

(5) Brannon devotes much of his opening brief to chronicling significant events in his life as he sees them and listing "cases and authorities" in support of his request, on appeal, to "clear [his] name" of his "erroneous criminal record." We have reviewed his brief for claims related to his VOP conviction and sentencing on

---

[1] Hr'g Tr. at 7, 11–12 (Feb. 1, 2017).

February 8, 2017. Any claims or issues not arising from the VOP proceedings cannot be considered as part of this appeal.

(6)     Brannon challenges the sufficiency of the evidence supporting his VOP conviction and the sentence imposed because it exceeds guidelines established by the Sentence Accountability Commission ("SENTAC"). His claims are without merit. Brannon's admissions during the VOP hearing are sufficient evidence to sustain the Superior Court's finding of a VOP.[2] The SENTAC guidelines are non-binding and do not provide a basis to appeal a sentence that is within statutory limits.[3] When imposing sentence for a first VOP, the Superior Court is authorized to impose any period of incarceration remaining on the original sentence, as long as the defendant is given credit for all incarceration previously served.[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] In a VOP proceeding, the State is required to prove by a preponderance of the evidence that the defendant violated the terms of probation. A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006) (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).
[3] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).
[4] 11 *Del. C.* §§ 4334(c), 3901(c).