IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DETLEF HARTMANN, | § | |
| | § | |
| Defendant Below, | § | No. 421, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9912000027 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 5, 2019
Decided: December 12, 2019

Before **SEITZ**, Chief Justice; **VALIHURA**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm,[1] and the record below, it appears to the Court that:

(1)     The appellant, Detlef Hartmann, filed this appeal from the Superior Court's September 10, 2019 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Hartmann's opening brief that the appeal is without merit. We agree and affirm.

---

[1] Hartmann requested an extension to file a reply to the motion to affirm, but a response to a motion to affirm is not permitted unless requested by the Court. Supr. Ct. R. 25(a). The Court did not request a response to the motion to affirm and finds no reason to request a response.

(2)    The record reflects that, in March 2001, Hartmann pled guilty to second degree unlawful sexual intercourse and two counts of unlawful sexual contact. The Superior Court sentenced Hartmann as follows: (i) for unlawful sexual intercourse, effective December 1, 1999, fifteen years of Level V incarceration, suspended after ten years for decreasing levels of supervision; and (ii) for each count of unlawful sexual contact, two years of Level V incarceration suspended for two years of Level II probation. The probationary terms were consecutive.

(3)    The Superior Court also ordered that Hartmann not have any contact with children under the age of eighteen, except for his biological children. The no-contact provision was later modified to include any biological children adopted by another person after the termination of Hartmann's parental rights. Hartmann did not appeal his convictions or original sentence.

(4)    On April 10, 2012, the Superior Court found that Hartmann had violated his probation. The Superior Court sentenced Hartmann as follows: (i) for unlawful sexual intercourse, effective May 18, 2011, five years of Level V incarceration, suspended after four years and successful completion of a Sexual Adjustment Program for one year of Level III probation; and (ii) for each count of unlawful sexual contact, two years of Level V incarceration suspended for two years of Level III probation. The probationary terms were consecutive. All previous

terms and conditions of Hartmann's sentence were re-imposed. This Court affirmed the Superior Court's judgment on direct appeal.[2]

(5) On August 12, 2019, an administrative warrant was filed for Hartmann's VOP. The VOP report alleged that Hartmann had violated his probation by having sexual contact with a minor. After a contested hearing on September 10, 2019, the Superior Court found that Hartmann had violated his probation. The Superior Court sentenced Hartmann as follows: (i) for one count of unlawful sexual contact, effective August 12, 2019, two years of the Level V Transitions Sex Offender Program; and (ii) for the other count of unlawful sexual contact, two years of Level V incarceration, suspended after one year and successful completion of the Transitions Sex Offender Program, for two years of Level III probation. This appeal followed.

(6) In his opening brief on appeal, Hartmann argues that: (i) his 2001 convictions should be invalidated; (ii) there was insufficient evidence to support the Superior Court's finding of a VOP; (iii) the State failed to represent all members of the public, including Hartmann, in the VOP proceedings; and (iv) his counsel at the VOP hearing was ineffective. We will not consider Hartmann's ineffective assistance of VOP counsel claims for the first time on direct appeal.[3]

---

[2] *Hartmann v. State*, 2013 WL 434052 (Del. Feb. 4, 2013).
[3] *Wolford v. State*, 2015 WL 745696, at *2 (Del. Feb. 19, 2015).

(7) Hartmann challenges his original convictions on the grounds that he was a member of a protected class and that his counsel was ineffective. These claims are not justiciable in this appeal. If Hartmann wished to challenge his 2001 convictions, he needed to do that in a direct appeal or a motion for postconviction relief under Superior Court Criminal Rule 61. He cannot collaterally attack his 2001 convictions in an appeal from his 2019 VOP.[4]

(8) Hartmann next argues that there was insufficient evidence to support the Superior Court's finding that he violated his probation. He also contends that the State only offered hearsay to show a VOP. These claims are without merit.

(9) In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated his probation.[5] "To do so the State must present 'some competent evidence' to 'reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.'"[6] The rules of evidence are relaxed in a VOP hearing, and hearsay is admissible.[7] At Hartmann's VOP hearing, the sex offender conditions that Hartmann signed upon his release from incarceration to probation were admitted

---

[4] *See, e.g., Taylor v. State*, 2013 WL 1489392, at *1 (Del. Apr. 10, 2013) (holding that validity of previous guilty pleas was not justiciable in appeal from VOP).
[5] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[6] *Id.* (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).
[7] *Id.*

4

into evidence. These conditions included a requirement that Hartmann have no contact with anyone under the age of eighteen.

(10)  The director of an outpatient sex offender program testified that, in August 2019, Hartmann stated during a group therapy session that someone he had picked up at a local coffee shop and had sexual contact with six months earlier had turned out to be thirteen to sixteen years old, not an adult like he originally thought. This was reported to Hartmann's probation officer. Hartmann's probation officer testified that when she spoke to Hartmann, he admitted that he had sexual contact with someone who said they were an adult, but turned out to be thirteen to fifteen years old. She also testified that she was aware Hartmann was spending a significant amount of time at a local coffee shop from his GPS tracking as a Tier III sex offender and her conversations with him.

(11)  Contrary to Hartmann's contentions, his statements were not hearsay. "A statement offered against a party which is his own statement, is an admission by a party-opponent and is not hearsay."[8] In light of Hartmann's admissions, there was sufficient evidence to support the Superior Court's finding that Hartmann had violated his probation. To the extent Hartmann argues that the State had to file new

---

[8] *Barr v. Div. of Fam. Servs.*, 974 A.2d 88, 96 (Del. 2009) (citing D.R.E. 801(d)(2)(A).

5

criminal charges against him to pursue VOP proceedings, he is mistaken.[9]  Finally, having reviewed the record of the VOP proceedings, we conclude that there is no merit to Hartmann's claim that the State violated a duty to the public or him in those proceedings.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[9] *Kurzmann*, 903 A.2d at 717 (rejecting defendant's argument that the State was required to charge and prosecute him for a crime arising out of conduct for which the State could also proceed in a VOP hearing).