IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MILTON WRIGHT, | § | |
| | § | No. 223, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID Nos. 1104009272 and |
| Plaintiff Below- | § | 1212007046 |
| Appellee. | § | |

Submitted: September 2, 2015
Decided: November 6, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 6th day of November 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The defendant-appellant, Milton Wright, filed this appeal from his Superior Court sentence for two violations of probation (VOP). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Wright's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Wright pled guilty in September 2011 to Conspiracy in the Third Degree. The Superior Court sentenced him to

one year at Level V incarceration to be suspended immediately for one year of probation. Since that time, Wright violated his probation and was sentenced on five different occasions. Each time, he was resentenced to one year at Level V incarceration, suspended for one year of probation. In February 2013, Wright pled guilty to one count of Burglary in the Second Degree. In May 2013, the Superior Court sentenced him on that conviction to eight years at Level V incarceration, with credit for 163 days previously served, to be suspended after serving one year in prison for one year of probation. In June 2014, Wright committed a VOP and was sentenced to six years and six months at Level V incarceration to be suspended for one year at Level IV Home Confinement followed by one year of probation. In November 2014, Wright committed a second VOP and was sentenced to six years at Level V to be suspended for eighteen months of probation.

(3) In April 2015, the Superior Court held a hearing on the fifth VOP charge on Wright's conspiracy sentence and the third VOP charge on his burglary sentence. At the hearing, Wright's counsel admitted that Wright had failed to report to his probation officer for several scheduled visits and had failed to report to the Thresholds program. Wright denied the allegation that he had been avoiding his probation officer or had attempted to abscond from supervision by engaging in a high-speed car chase. Wright

explained that he had missed appointments because he had been at work and that he had not pulled over when his probation officer tried to stop his car because he had been rushing to get home to his father who was being taken to the hospital by ambulance. Wright stated that he later voluntarily turned himself in to his probation officer.

(4) The Superior Court found Wright in violation of his probation and sentenced him on the burglary charge to six years at Level V incarceration (with credit for 64 days served), to be suspended upon successful completion of the Key Program for one year at Level IV Crest, to be suspended upon successful completion of the Crest Program for fifteen months at Level III Crest Aftercare. On the conspiracy charge, the Superior Court sentenced Wright to one year at Level V incarceration, to be suspended for one year at Level III probation. Wright appeals this sentence.

(5) Wright raises two issues in his opening brief on appeal. First, he contends that the State's evidence was not credible and did not prove several of the State's allegations. Second, Wright contends that the Superior Court's sentence was excessive.

(6) We find no merit to either claim. In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the

3

evidence that the defendant violated the terms of his probation.[1]   A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[2]   In this case, Wright informed the judge at the start of hearing that he admitted violating his probation by failing to report.  Under these circumstances, the evidence was more than sufficient to sustain the Superior Court's finding of a VOP. There is nothing in the record to substantiate Wright's claim that the probation officer testified falsely as to other alleged conduct.

(7)     Moreover, we find no merit to Wright's claim that his sentence is excessive.  Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[3] In sentencing a defendant for a VOP, the trial court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[4]   In this case, the Superior Court sentenced Wright to complete the Level V Key Program, but suspended the remainder of his sentence upon successful completion of Key to be followed by decreasing levels of supervision at Level IV Crest and

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[2] *Id.* (*quoting Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).
[3] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[4] DEL. CODE ANN. tit. 11, § 4334(c) (2007).

4

Level III Crest Aftercare. This sentence did not exceed the balance of the Level V time remaining to be served on Wright's sentences. Under the circumstances, the sentence was authorized by law, was neither arbitrary nor excessive, and does not reflect any evidence of a closed mind by the sentencing judge.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[5] *See Weston v. State*, 832 A.2d 742, 746 (Del. 2003).