IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANGELA LOUGHEED, | § | |
| | § | No. 189, 2016 |
| Defendant Below-Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1408017682, |
| Plaintiff Below-Appellee. | § | 1411000747, and 1411001467 |
| | § | |

Submitted: August 8, 2016
Decided: October 10, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 10th day of October 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The defendant-appellant, Angela Lougheed , filed this appeal from the Superior Court's order sentencing her for her second violation of probation (VOP). The State filed a motion to affirm the judgment below on the ground that it is manifest on the face of Lougheed's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that Lougheed pled guilty in March 2015 to one count of Theft from a Senior and two counts of Shoplifting. The Superior Court

immediately sentenced her on the theft charge to three years at Level V incarceration, with credit for 100 days previously served, to be suspended immediately for one year at Level III probation. The Superior Court sentenced Lougheed on each shoplifting conviction to one year at Level V incarceration to be suspended immediately for one year of Level III probation. All probationary periods were ordered to run concurrently. Three months later, Lougheed was sentenced for her first VOP. The Superior Court ordered her to complete Level IV residential drug treatment. Upon successful completion of her treatment program, the balance of her sentence was suspended for probation.

(3) In March 2016, Lougheed was charged with her second VOP. She appeared at the VOP hearing with her counsel. At the start of the hearing, counsel acknowledged that Lougheed violated probation by using drugs. Counsel further argued, however, that Lougheed had a place to live and a job, and he asked the judge to sentence Lougheed to time served and to return her to the community under supervision by the Treatment Access Center (TASC). The Superior Court found Lougheed in violation of her probation based solely on her admission.

(4) Before sentencing her, the judge asked Lougheed if she wanted to say anything. Lougheed told the judge that she had been released from Level IV in February, but had been working before her release at the job that she still held. She told the judge that her employer was holding the job for her. She

acknowledged that she had used drugs once during the previous two-month period, which she self-reported to her probation officer. She stated that, at the time she self-reported her "slip-up," she was tested and found negative for drug use.

(5) The Superior Court sentenced Lougheed on her theft conviction to one year and six months at Level V, to be suspended and discharged upon Lougheed's successful completion of the Level V Key Village program. On each of her Shoplifting convictions, the Superior Court resentenced Lougheed to one year at Level V incarceration, to be suspended immediately for Level III out-patient drug treatment. Upon hearing the judge's sentence, Lougheed told him that she would not do the Key Village program. The judge explained that if she refused to do the program, then she would have to spend her entire eighteen-month sentence at Level V. Lougheed now appeals the Superior Court's VOP finding and sentence.

(6) Lougheed essentially raises two issues on appeal. She contends that the probation officer who appeared at the hearing was not her supervising officer and that he incorrectly told the judge that she had had two "slip-ups" instead of one and that he incorrectly told the judge that the probation task force had been unable to confirm her residence.[1] Lougheed also contends that the Superior Court had a closed mind in sentencing her.

---

[1] Lougheed had explained to the judge at the hearing that, when the members of the task force had tried to verify her address, they had asked a new resident in her apartment building who did not know her and could not confirm that she lived there (even though she did).

(7) After careful consideration, we find no merit to Lougheed's appeal. Probation is an "act of grace," and the Superior Court has broad discretion in deciding whether to revoke a defendant's probation.[2] In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[3] A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[4]

(8) In this case, Lougheed appeared at the VOP hearing represented by counsel. She admitted that she had violated probation by using drugs. The Superior Court found her in violation based solely on that admission. Lougheed's admission to violating probation constitutes sufficient evidence to sustain the Superior Court's finding of a VOP.

(9) Furthermore, we find no merit to Lougheed's claims that the Superior Court relied on false information and sentenced her with a closed mind. On appeal, our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[5] In sentencing

---

[2] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[3] *Id.*

[4] *Id.* (*quoting Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

[5] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

a defendant for a VOP, the trial court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[6] In this case, the Superior Court sentenced Lougheed to complete the Level V Key Village Program, but suspended and discharged the remainder of that sentence upon successful completion of Key, to be followed by Level III outpatient supervision. This sentence did not exceed the balance of the Level V time remaining to be served on Lougheed's sentences. Moreover, there is nothing in the record to substantiate Lougheed's claim that the probation officer offered false testimony or that the Superior Court relied upon it and sentenced her with a closed mind.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] 11 *Del. C.* § 4334(c) (2015).

[7] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).