IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARQUISE T. ALLEN, § 
§ 
Defendant Below, § No. 426, 2022
Appellant, § 
§ Court Below—Superior Court
v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID Nos. 2104015672,
§ 2010008959, 1503017857A (N)
Appellee. § 

Submitted: September 15, 2023
Decided: November 2, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

Upon consideration of the parties' briefs and the record on appeal, it appears

to the Court that:

(1)     The appellant, Marquise T. Allen, filed this appeal from his sentencing

for a violation of probation ("VOP").  We affirm the Superior Court's finding that

Allen violated the terms of his probation and the amount of unsuspended Level V

time imposed for the VOP.  Because the sentencing order does not credit Allen for

all of the Level V time he previously served, we remand this matter to the Superior

Court for correction of the sentencing order.

(2)     In January 2016, Allen pleaded guilty to attempted first-degree assault,

possession of a firearm during the commission of a felony ("PFDCF"), and first-

degree reckless endangering in Criminal ID No. 150301857A.  The Superior Court sentenced Allen as follows:

- for attempted first-degree assault, effective March 28, 2015, ten years of Level V incarceration, suspended after two years for decreasing levels of supervision;

- for PFDCF, three years of Level V incarceration; and

- for first-degree reckless endangering, five years of Level V incarceration, suspended for two years of Level III probation.

On December 3, 2019, the Superior Court denied Allen's motion for sentence modification.

(3)    In February 2021, Allen was charged with carrying a concealed deadly weapon ("CCDW") in Criminal ID No. 2010008959.  He was also charged with violating his probation in Criminal ID No. 150301857A.  After Allen pleaded guilty to CCDW and admitted to the VOP, the Superior Court sentenced Allen as follows:

- for CCDW, effective October 18, 2020, eight years of Level V incarceration, suspended after three months for decreasing levels of supervision;

- for attempted first-degree assault, ten years of Level V incarceration, suspended after three months for decreasing levels of supervision; and

- for first-degree reckless endangering, five years of Level V incarceration, suspended for two years of Level III supervision.

(4)    In December 2021, Allen was charged with escape after conviction in Criminal ID No. 2104015672. He was also charged with violating his probation in

2

Criminal ID Nos. 150301857A and 2010008959. After Allen pleaded guilty to escape after conviction and admitted to the VOP, the Superior Court sentenced Allen as follows:

- for escape after conviction, effective September 1, 2021, eight years of Level V incarceration, suspended after three months for eighteen months of Level III GPS;

- for CCDW, effective September 1, 2021, eight years of Level V incarceration, suspended after three months for eighteen months of Level III GPS;

- for attempted first-degree assault, ten years of Level V incarceration, suspended after three months for eighteen months of Level III GPS; and

- for first-degree reckless endangering, five years of Level V incarceration, suspended for eighteen months of Level III GPS.

(5) In September 2022, the Department of Correction requested issuance of a capias for Allen's VOP. The VOP report alleged that Allen had, among other things, cut off his GPS anklet and absconded from probation.

(6) After a hearing on October 8, 2022, the Superior Court found that Allen had violated his probation. The Superior Court sentenced Allen as follows:

- for escape after conviction, eight years of Level V incarceration, suspended after three months;

- for CCDW, seven years and nine months of Level V incarceration, suspended after six months for six months of Level IV DOC discretion;

- for attempted first-degree assault, effective September 20, 2022, nine years and nine months of Level V incarceration, suspended after six months for twelve months of Level III GPS; and

3

- for first-degree reckless endangering, five years of Level V incarceration, suspended after three months for one year of Level III GPS.

(7) On appeal, Allen argues that he was mentally incapable at the time of the VOP hearing, the VOP sentence was excessive, and he should have received a mental health evaluation and been sentenced to mental health probation.

(8) We find no merit to Allen's claims. In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of probation.[1] A preponderance of the evidence means "some competent evidence" to prove the violation asserted.[2] At the VOP hearing, Allen admitted that he had violated his probation by, among other things, cutting off his GPS anklet and absconding from probation. Allen's admissions constituted sufficient competent evidence to revoke his probation.[3]

(9) Contrary to Allen's contention that he was mentally incapable at the time of the VOP hearing, the hearing transcript reflects that Allen understood and actively participated in the proceeding. He said that he had not been in the right state of mind recently due to family issues, including the death of his father, but did not

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[2] *Brown v. State*, 249 A.2d 269, 272 (Del. 1968).
[3] *Collins v. State*, 897 A.2d 159, 161 (Del. 2006).

4

refer to any of the mental health conditions identified in his opening brief. There is no indication in the record that Allen was incompetent to admit to his VOP.[4]

(10) Turning to Allen's challenges to his sentence, "[i]t is well-established that appellate review of sentences is extremely limited."[5] Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[6] If the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[7] Once Allen committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Allen's sentence.[8]

(11) The eighteen months of unsuspended Level V time imposed for Allen's VOP does not exceed the Level V time remaining on his sentences and was within statutory limits. The hearing transcript reflects that the Superior Court's carefully considered Allen's arguments in support of a six-month Level V sentence with no probation to follow, but concluded that Allen's removal of his GPS anklet and

---

[4] *See, e.g., Alvarado v. State*, 2023 WL 228432, at *2 (Del. Jan. 17, 2023) (rejecting the defendant's claims of incompetency in his VOP appeal where the transcripts reflected that the defendant understood and actively participated in the proceedings).

[5] *Kurzmann*, 903 A.2d at 714.

[6] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

[7] *Kurzmann*, 903 A.2d at 714.

[8] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

history of VOPs merited a lengthier Level V sentence with probation. Allen identifies nothing to suggest that the Superior Court sentenced him on the basis of factual predicates that were false, impermissible, or lacked minimal reliability, judicial vindictiveness or bias, or a closed mind. Allen's contention that he should have received a mental health evaluation and been sentenced to mental health probation, neither of which he requested at the VOP hearing, is also without merit.

(12) "A defendant is entitled to Level V credit time for time previously served on an underlying charge or at a Level IV VOP Center."[9] As the State laudably concedes, the October 8, 2022 VOP sentencing order does not credit Allen for Level V time he previously served for his escape after conviction, CCDW, and attempted first-degree assault convictions. According to the State, the amount of Level V time imposed for those convictions should be corrected as follows:

- for escape after conviction, seven years and nine months of Level V incarceration, not eight years as imposed in the October 8, VOP sentencing order;

- for CCDW, seven years and six months of Level V incarceration, not seven years and nine months as imposed in the October 8, 2022 VOP sentencing order; and

- for attempted first-degree assault, seven years and six months of Level V incarceration, not nine years and nine months as imposed in the October 8, 2022 VOP sentencing order.

---

[9] *Rivera v. State*, 2014 WL 2093709, at *3 (Del. May 15, 2014).

We agree. This matter shall be remanded for the Superior Court to correct the total amount of Level V time imposed in the October 8, 2022 VOP sentencing order for Allen's escape after conviction, CCDW, and attempted first-degree assault convictions. Otherwise, the Superior Court's judgment is affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court, insofar as it pertains to the finding of a violation of probation and the amount of unsuspended Level V time imposed, is AFFIRMED. The matter is remanded to the Superior Court for corrective action consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

7